MORRIS BROWN v. LAURA DONNELLY.

(Filed Aug 26, 1899.)

1. HOMESTEAD CLAIMANT—*Occupancy of Land—Rule Applied.* The law as stated by this court in *Black v. Jackson*, 6 Okla. 751, is approved and applied in this case.

2. HOMESTEAD ENTRY—*Qualification of Applicant—Determined, When.* The qualifications of an applicant for a homestead entry upon public lands are presented to the land department for determination when he applies to make entry, and the allowance of such homestead entry is a determination of such qualifications by the land department, and is bind'ng upon the courts so long as such entry remains intact.

3. PUBLIC LAND — *Homestead — Possession.* A homestead en!ryman upon public lands is entitled to the free and undisturbed possession of the land embraced in his entry, so long as his entry remains uncanceled, as against every person except one claiming by virtue of some equal or higher right.

4. HOMESTEAD CONTEST—*Cancellation of Entry—Trespass.* When a contestant has procured the cancellation of the homestead entry of the contestee, and been permitted by the land department to make homestead entry of the land involved in the contest, the further occupation and use of the land by the contestee without the consent of the successful contestant and entryman, is a trespass upon the possessory rights of the entryman, and no demand for possession is required in order to authorize a court of equity to enjoin a continuation of such trespass.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before B. T. Hainer, District Judge.*

*S. H. Harris,* for plaintiff in error.

*A. R. Musseller,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error concedes that the questions involved in this case are substantially the same as those decided by this court in *Black v. Jackson*, 6. Okla. 751. Nothing is presented by counsel in his argument of this cause which will justify the court in reversing its ruling in the *Black v. Jackson* case, and the law as therein stated is approved.

It is contended that the answer in this case shows that the plaintiff below, the homestead entryman, is not qualified to acquire title to lands in the Cherokee Outlet. The qualifications of the entryman are not for this court to determine. The land department, which is the special tribunal designated by congress to determine the qualifications of applicants for the public lands, was required to and did pass upon the qualifications of this entryman when they allowed his homestead entry, which is the basis of this action. The findings of the land department on such matters are conclusive on the courts.

It is further contended on behalf of the plaintiff in error, that he should be permitted to remain upon the land in question until after defendant in error has obtained title to the land, in order that he may preserve such rights as will enable him to bring an action to set aside the patent which may be issued in the future, and have a resulting trust declared. It is a sufficient answer to this proposition, that the land department has finally passed upon and adjudicated his claim of right to this land, and has held that he is not qualified to acquire title thereto. That determination is binding on

—3

the courts until it is set aside by some competent tribunal having authority to determine such question. As soon as his entry was cancelled by the order of the secretary of the interior, and the entry of defendant in error allowed for the land, plaintiff in error became, and has continued to be, a trespasser upon the possession of defendant in error, with no right in law or equity to occupy the land contrary to his wishes.

One other question is suggested in the brief of plaintiff in error. It is claimed that no demand was made for possession before bringing this action for injunction.

If this were a suit at law, notice and demand would be required under our statute. But we know of no rule which requires a party to notify another to cease doing a wrongful act before he is entitled to have such wrongdoer enjoined. The plaintiff below was the homestead entryman for a certain tract of public land; by his entry he became entitled to the peaceful and undisturbed possession to said tract, so long as his entry remains intact, as against defendant below, or any others, claiming no higher right or interest. The defendant below is occupying the land, using portions of it, residing upon it, and attempting to hold adversely to plaintiff. These acts constitute him a continuing trespasser on the rights and interest of plaintiff, and a court of equity may and will in such cases, restrain such trespass.

We find no error in the record. The judgment of the district court is affirmed, at the costs of the plaintiff in error.

Hainer, J., having presided in the court below, not sitting; Burwell, J., and Irwin, J., concurring; McAtee,

J., dissenting, upon the views expressed in the dissenting opinion in the case of *Barnes v. Newton*, 5 Okla. 437.