## Cumberland Railroad Company v. Bays, et al.

(Decided June 19, 1914.)

### Appeal from Knox Circuit Court.

1. Nuisance—Burial of Animals—Damages—Question for Jury.—
Where a railroad within five years and while plaintiffs resided
near its track, negligently allowed dead animals to be thrown
into or buried near a pond on its right of way and adjoining
plaintiffs' premises, resulting in the emission of foul and offensive
odors, the question of compensation for the diminution in the
value of the property of plaintiffs under such circumstances was
peculiarly for the jury.

2. Nuisance—Burial of Animals—Damages—Verdict—Not Excessive.
—In an action against a railroad company for damages for foul
and offensive odors resulting from the negligence of the railroad
company in burying dead animals in or near a pond adjoining
plaintiffs' premises, evidence examined, and held that a verdict
of $1,000 was not excessive.

BLACK, BLACK & OWENS for appellant.

J. D. TUGGLE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Affirming.

This is the second appeal of this case.   The opinion
on the former appeal may be found in 153 Ky., 159.   On
the first trial there was a judgment for plaintiffs in the
sum of $900.   That judgment was reversed because the

trial court gave an instruction authorizing a recovery of punitive damages. In remanding the case this court further held that plaintiffs' right of recovery should not be confined to such injury as they suffered within one year next preceding the filing of the petition, but that they could recover damages for all injuries occurring at any time within five years from the time the action was brought. The opinion also sets out the instructions to be given on another trial. On the second trial plaintiffs recovered a verdict and judgment for $1,000. The railroad company appeals.

The action is one to recover damages for foul and offensive odors caused by the negligence of the railroad company in burying the carcasses of dead animals in and near a pond lying on defendant's right of way and extending into the premises of plaintiffs. The evidence of plaintiffs tends to support the allegations of the petition. They show that several dead animals were buried either in or near the edge of the pond, and that they were not buried at a sufficient depth to prevent foul odors arising from their decaying carcasses. On the contrary, for several years, as a result of the negligence of defendant, the pond and land immediately surrounding it emitted very foul and offensive odors. The evidence for the defendant was to the effect that there were but few instances where any dead animals were buried at all, and when buried, they were buried so deep that it was impossible for any odors to escape. It was also shown that the odors were those peculiar to stagnant water, and that these odors were not due to any negligence on the part of defendant.

We find no prejudicial error in the admission of evidence.

The chief error relied on is that the verdict is excessive. There is substantial evidence to the effect that several animals were buried in or near the edge of the pond, and within a few feet from the residence of plaintiffs. This condition extended over a period of several years, and the odors arising therefrom were not only foul and offensive, but lasted for several weeks at a time. What would fairly compensate one for the diminution in the value of the use of his property under such circumstances is peculiarly a question for the jury. While the verdict is large, we cannot say it is so disproportionate to the injury received as to strike us at first blush as be-

ing the result of prejudice and passion. That being true, the verdict will not be reversed on the ground that it is excessive.

Judgment affirmed.