## Great Northern Refining Company v. Lutes, et al.

(Decided February 11, 1921.)

### Appeal from Lee Circuit Court.

1. Nuisance—Storing and Piping Oil.—The storage in tanks of crude petroleum and the piping of same into tank cars for shipment by rail is not per se a nuisance, but the manner in which the business is conducted, its proximity to other buildings and the circumstances surrounding it, may be such as to render the same a nuisance.

2. Nuisance—Noisome Odors.—A nuisance may be created where the air is so corrupted by noisome smells as to substantially interfere with the use and occupancy of one's premises for residential purposes.

3. Nuisance—Conduct of Business—Question for Jury.—Whether the conduct of a business is such as to create a nuisance is usually under the facts of the case one for the jury and not the court, the question being one not of negligence or no negligence but nuisance or no nuisance.

4. Nuisance—Evidence—Introduction of Deed.—Where an issue was raised by the pleadings as to who was the owner of or operating a business alleged to create a nuisance it was error to overrule a motion to introduce in evidence a deed executed before the creation of the condition complained of whereby defendant conveyed the property involved to another who thereafter operated the plant.

5. Nuisance—Anticipatory Loss by Fire.—The mere anticipatory loss by fire because of the possibility that an oil tank might be struck by lightning or fired by a spark from a locomotive does not form the basis upon which a legal recovery might be predicated under the facts presented in the instant record.

HURST, ROSE & STAMPER for appellant.

THEO. B. BLAKEY and HOBSON & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

This is an appeal from a judgment for $800.00, awarded appellees as damages growing out of the erection and

maintenance of an oil tank and a loading rack within approximately one hundred feet of their residence.

The petition alleges appellant had erected said tank and loading rack and was constantly piping crude petroleum oil into the tank, which had a capacity of 1500 barrels, and from the tank to the cars for shipment by rail, and that the fumes from said oil and the gases escaping therefrom were so disagreeable, offensive and injurious as to constitute a nuisance and so as to make their residence almost uninhabitable.

It was also alleged that because of the proximity of the tank to their residence, and the fact that the oil was impregnated with gas and was highly inflammable they were constantly in danger of having their property destroyed by fire.

We deem it sufficient to refer to but few of the several points urged for reversal.

The petition is not demurrable. The storage of oil upon one's premises is not *per se* a nuisance. A lawful business can not be a nuisance *per se*, but the character of the business, the manner in which it is conducted, its proximity to other buildings and the surrounding circumstances may be such as to create a nuisance. It is not every annoyance that will give a right of action to the complaining party. A nuisance is that which offends the olfactories of an ordinary man and not those of an individual with sensitive and delicate nostrils. It is usually for the jury to say what amount of annoyance will constitute a nuisance such as will give a cause of action to the person annoyed.

Every one who brings or stores oil on his land must confine it securely in pipes, tanks or reservoirs, or at least not permit it to escape on to the land of another, whether by flowing over the surface or percolating through the soil, and if he do not, even though guilty of no negligence, he will be liable for whatever damage is suffered by the oil escaping. This is true although the refining of oil is a perfectly legitimate business. Nor is the owner of property injured by the operation of oil wells or works confined to instances where the oil actually enters upon his premises, as he may recover because of noxious odors occasioned by their operation rendering his premises unhealthy or objectionable to live upon. See Thornton on Oil and Gas, sections 661, 664, 666.

Appellees' property is located in the city of Beatty-ville and it is alleged that due to a break in a pipe or leakage from the tank, oil flowed upon their premises. This could hardly be true as we understand the record, as their property is much higher than the public way which separates it from the slate pile upon which the tank is erected, but it probably could have flowed against their property.

As said in Joyce on Nuisances, section 157, where the air is corrupted by noisome smells so as to substantially interfere with the ordinary comforts of human existence, or to materially diminish the value of another's property, such smells constitute a nuisance. The question is not one of negligence or no negligence but of nuisance or no nuisance.

A gas company has been held responsible for the ordinary smells that usually proceed from such works if they constitute a nuisance, and the fact that it is not negligent will not protect it from liability if even in its usual course of business it injure others. Thornton on Oil and Gas, section 666, and cases cited.

A nuisance might be created by crude petroleum escaping from storage tanks. Such being the question raised by the petition, we think it stated a cause of action.

The denials of the answer put in issue the affirmative matter of the petition, one of the main defenses being that appellant was not the owner of nor was it in charge of the operation or maintenance of the oil tank and loading rack.

During the introduction of testimony appellant offered in evidence a deed dated January 11, 1919, from it to the Lee Marketing Company, by the terms of which appellant conveyed to its grantee its pipe line in Lee county to the town of Beattyville, as well as its property in the town of Beattyville, consisting of all pumps, pump station, gathering lines, machinery, fixtures and equipment of every sort connected therewith. Upon objection the court declined to permit this deed to be introduced. This was error. The trial court appears to have made this ruling because the deed did not specifically point out nor mention that the tank and loading rack were included in the description of the property conveyed. This, in the nature of things, could not have been done since, at the time the deed was executed and recorded, neither the tank nor the loading rack had been erected;

but it is not disputed that the land upon which they were later constructed was included in the deed.

It is in evidence that on one of the tanks appellant's name appears, from which it is argued that as a matter of fact defendant not only owned but was conducting the business causing the nuisance complained of. Appellant offered, as an explanation for the presence of its name on the tank, that it had merely contracted to take the oil, though the tank and other equipment belonged to the Lee Marketing Company to whom it had conveyed its property and which latter company was conducting the business. At any rate the question was, under the evidence, for the jury. The court should have permitted the deed to be read in evidence.

The court, among other things, instructed the jury that among the elements of damage they should consider the danger of fire to appellees' residence caused by the presence of the tank and loading rack. We do not think under the circumstances presented by the present record that this was a matter to be submitted to the jury. It was too problematical; ordinarily the mere anticipatory loss of fire because of the possibility that the tank might be struck by lightning or fired by a spark from a locomotive does not form a basis upon which a legal recovery might be predicated. It might never happen; if it did, and the owner was negligent, in a proper suit that question could be dealt with. The rule is thus stated by Joyce on Nuisances, section 388:

"It is held that the nearby location in relation to a dwelling house of coal oil, and gasoline tanks is not of itself a nuisance carrying liability, even though such tanks are also near to steam railroads, there being no showing of negligence in construction or want of care to prevent ignition from sparks from locomotives and no just grounds of apprehension, as claimed, from fire and consequent injury; and the fact that the rental and salable value of the property has been decreased is held insufficient."

While the case would not be reversed on this ground alone, since in so instructing the jury the court followed in almost exact phraseology an instruction tendered by appellant, upon retrial the court will so modify the instruction given as to eliminate the objectionable feature referred to.

For the reasons given judgment will be reversed for further proceedings not inconsistent herewith.