## Chesapeake & Ohio Railway Company v. Scott.

(Decided February 9, 1923.)

### Appeal from Greenup Circuit Court.

1. **Railroads—Negligent Operation of Round House.**—An action for the diminution in value of the use of plaintiff's property because of alleged negligence in the maintenance and operation of a roundhouse nearby is not an action under the provisions of section 242 of our Constitution wherein a recovery is authorized against a corporation invested with the privilege of taking private property for public use, and requiring just compensation for property so taken, injured or destroyed, but is an action for the negligent

operation of the roundhouse and for negligent acts occurring during the period of its operation.

2. Railroads—Damage From Smoke and Cinders—Operation of Round House.—Although the evidence discloses that smoke and cinders were at times thrown into appellee's house because of the operation of the roundhouse and that at times there was considerable vibration because of its operation, it failed to show that any of these things were caused by the negligent or unskillful operation of the roundhouse or its appurtenances.

3. Railroads—Unskillful Operation—Nuisance.—The prudent and skillful operation of a railroad or any of its accessories or appurtenances, constructed under lawful authority, is not a nuisance *per se;* but such railroad or appurtenance may, by unskillful or negligent operation, become a nuisance and thereby liable for damage to the use of adjacent or nearby property.

WORTHINGTON, COCHRAN, BROWNING & REED and PRICH- ARD & MALIN for appellant.

E. E. FULLERTON, S. S WILLIS and R. R. BELL for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellee became the owner in 1911 of a house and lot in Russell, Kentucky, across the street and something over one hundred feet from the roundhouse then operated by appellant at that place. The roundhouse as originally constructed had been built and was in operation for some years before appellee became the owner of the property. The house thereon is a frame one of eleven rooms, a part of which is occupied by her and her four children and the remaining rooms are rented out by her from time to time.

In 1917-1918, however, in order to accommodate the largely increased traffic over appellant's road and to prepare for the repairing of the larger engines then being used by it, the company enlarged and extended its roundhouse, and in the construction of the extension some parts of it were constructed some twenty feet nearer to appellee's property than was the original structure.

In September, 1918, appellee instituted this action for damages, and in her original petition alleges that defendant ''Has maintained and operated engines, machines, shops, trains and cars in said roundhouse and near the residence of this plaintiff, and during all of said times almost continuously night and day loud and unseemly sounds of whistles and steam engines have been created by defendant and by the operation of said machinery and engines and the jarring of cars together the

house of this plaintiff has been caused thereby to be jarred and shaken so that even the mantles would fall off the gas lights and the windows would shake, and smoke, dust, soot, cinders and dirt have been caused by the defendant to be thrown and hurled on to and into the house and porch of this plaintiff and on to this plaintiff and her children and on to and into her household goods and furniture, and gaseous smells have been caused by the defendant to be spread from said roundhouse to the premises of this plaintiff, so that this plaintiff and her said family have become very much vexed, annoyed, disturbed and inconvenienced." There was in the original petition no allegation whatever of the negligent operation of the roundhouse, but before answer the plaintiff filed an amendment wherein it is alleged that the defendant had negligently operated and maintained its roundhouse and the appurtenances thereto so as to cause the injury complained of.

The allegations of the petition as amended were put in issue by an answer, and the parties went to trial upon the issues thus formed, although there was a second paragraph of the answer pleading limitation. The jury returned a verdict for the plaintiff for sixteen hundred dollars, upon which judgment was entered, and the defendant's motion for a new trial having been denied, it has appealed.

On the trial the defendant, at the close of the plaintiff's evidence, and, again at the close of all the evidence, asked for a directed verdict, and the court's refusal to grant same is the only question presented on this appeal. It is apparent the action was one for the diminution in value of the use of plaintiff's property because of the alleged negligent maintenance and operation of the roundhouse, and not an action under the provisions of section 242 of our Constitution wherein a recovery is authorized against a corporation invested with the privilege of taking private property for public use and requiring just compensation for property so taken, injured or destroyed. If, in fact, it were an action under that section, it is perfectly clear that the right of action would be barred by limitation, as it was held by this court in the case of L. & N. Railroad v. Orr, 91 Ky. 109, that such an action was barred by the five-year statute of limitation because all such damages might have been ascertained the moment the railroad was put in operation. In an action under that section the question of negligence is not

involved, but there is an absolute requirement that just compensation shall be made for property taken, injured or destroyed; but an action for the negligent operation of a railroad may be maintained as the negligent acts occur throughout the period of its operation, and such an action is not provided for, nor contemplated, in the provisions of section 242.

The lower court so treated this action and authorized a recovery for the plaintiff only in the event defendant operated its engines and appliances in and around the roundhouse in an unskillful or negligent manner thereby causing the damages; and distinctly instructed the jury that defendant had the right to construct its roundhouse on its land near the plaintiff's property and had the right to operate its engines and appliances therein in a skillful and prudent manner, and that the plaintiff was not entitled to recover any damages to her property or the use and enjoyment thereof because of any cinders, smoke or soot thrown thereon, or vibrations caused by such skillful and prudent operation.

The evidence for the plaintiff sufficiently discloses that smoke and cinders were at times thrown into appellant's home by the operations in the roundhouse and that at times there was a considerable vibration caused by its operation, and tended to show that such cinders and smoke and vibrations were greater in the house after the erection of the extension or enlargement of the roundhouse. But the earnest contention is made for appellant that there is no evidence that the smoke or cinders or vibrations were not merely incident to the proper and skillful operation of the roundhouse and its appurtenances, and that there is no evidence of negligent or unskillful operation which caused or brought about the throwing of any unusual quantity of smoke or cinders into appellee's house or that caused any unusual vibrations therein, and that, therefore, the directed verdict which it asked for should have been given.

The evidence shows that there are on an average of eighteen hundred engines each month taken into this roundhouse for overhauling and repairs; that when they are taken in all the fire and debris must be removed from every engine to the end that it may be repaired, and that when they have been repaired, it is necessary to fire them up so that they may be ready for operation. It further shows that in starting a fresh fire in the engine after it

is repaired it is necessary to use steam to make a draft
so that the fire may be promptly started. It is perfectly
apparent that even in the most prudent and skillful oper-
ation of such an extensive roundhouse smoke and cinders
are necessarily created and at times will be cast upon ad-
jacent property.

The plaintiff introduced herself and several other
witnesses, who satisfactorily testified to facts showing
the inconvenience to her and the other occupants of her
house by reason of the smoke, cinders and vibration; but
the question remains—has she shown that such inconven-
ience was caused by the unskillful or negligent operation
of the roundhouse and its appurtenances?

It appears that on the roundhouse, after the exten-
sion of the building, there were placed a number of venti-
lators; that they were about five feet high, above the roof,
and each of them had a top to it and slats at the side;
that it was necessary to have the top on to keep the rain
from going through into the roundhouse and interfering
with the work there and injuring the engines being re-
paired.

Only one witness (Heberlin) undertakes to state any
fact tending to establish negligent or unskillful operation
of the roundhouse and its appurtenances affecting the
property of the appellee. He states that in raising the
steam in the engines they had either a steam or an air
line attached to use for the purpose of an exhaust to
make the fire; that in raising the steam in the engine this
exhaust blows out with a good deal of force the smoke
and cinders from the engine against the roof of the ven-
tilator, and that has a tendency to spread it and flare it
out through the slats of the ventilator toward the
ground; that this force throws the smoke and cinders
against the top of the ventilator and forces them out
through the slats toward the ground. The same witness,
in speaking of noises and vibration, says that there is
a very heavy thud from compressed air used on the house
track and at the roundhouse, and that the use of this
compressed air would cause a jar of her house.

This witness, however, fails to say or explain either
that the use of this compressed air, which brought about
the jar and the vibrations, was not necessary in the effi-
cient operation of the roundhouse and its appurtenances,
or that the method used in raising steam in the engines,
which threw the smoke and cinders with great force
against the top of the ventilators and caused them to flare

out toward the ground, was not a skillful or prudent operation, or that there was any better way or method known in accomplishing these results. On the contrary this same witness, on cross-examination, admitted that he did not know that there was any better way to do these things.

The prudent and skillful operation of a railroad or of any of its accessories or appurtenances, which has been constructed under lawful authority, cannot be a nuisance *per se,* but such railroad is liable in damages if by the manner of its maintaining or operating its road, or its accessories or appurtenances, it becomes a nuisance, and thereby causes damage to adjacent or nearby property. Emrich v. Marcucilli, 196 Ky. 495; 33 Cyc. 644; 10 R. C. L. 170.

The evidence fails to show negligent or unskillful operation which resulted in the injury, and for that reason the directed verdict should have been given.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.