## Gay v. Perry.

(Decided October 14, 1924.)

### Appeal from Clark Circuit Court.

1. Nuisance—Annoyance, Discomfort, and Sickness Not Distinct Elements of Damage.—Where value of use of residence was impaired, due to annoyance, discomfort, and sickness of those occupying residence, such annoyance, discomfort, and sickness were not distinct elements of damage, but were necessarily included in diminution of value of use, and court erred in authorizing jury to find separate damage therefor.

2. Nuisance—Measure of Damages for Temporary Nuisances.—Dust from hemp plant, injuring plaintiff's family, house, and cistern, being temporary nuisance, measure of damages was diminution in value of use of property during continuance of nuisance and reasonable cost of repairs made necessary, and any annoyance, discomfort, or sickness suffered by plaintiff's family was admissible to show diminution in value of use of property, but not to establish distinct ground of recovery.

3. Nuisance—Party May Seek Abatement and Damages Therefor in Same Action.—One may seek abatement of nuisance and recover damages in same action, and chancellor may decree abatement and submit damages to jury.

HAYS & HAYS for appellant.

REDWINE & REDWINE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

W. T. Perry owns a residence on the east side of North Main street in Winchester. D. S. Gay owns and operates a grass seed and hemp cleaning plant, situated on the corner of Main street and Winn avenue, and about seventy-five feet south of Perry's residence. Charging that the plant was a nuisance, Perry brought this action in equity against Gay to abate the nuisance, and to recover damages during its maintenance. The petition alleged that the defendant caused and permitted to escape from his plant a light, filmy substance that covered and entered plaintiff's residence, and which plaintiff and his family were compelled to breathe, to the injury of their health;"that same attacks the mucous membrane of plaintiff's nose and throat and his lungs, and is daily and hourly injuring their health, and causing them great soreness and inconvenience; . . . '' "that the operation of said plant as described is wrongful, and is a means of inconvenience to the plaintiff and his family, and has damaged him, as aforesaid, in the sum of two thousand ($2,000.00) dollars;'' "that the said acts and wrongs committed by the said defendant has caused a lessening of the value of plaintiff's property, and has reduced the salable value thereof, and has thus damaged the plaintiff in the sum of one thousand five hundred ($1,500.00) dollars.'' The court overruled defendant's motion to require the plaintiff to elect between the equitable action for abatement, and the action at law for damages to property and person, struck out allegation that the substance was injurious to the health of plaintiff's family, and sustained a demurrer to the petition. Thereupon plaintiff filed an amended petition charging that the dust from defendant's plant had made plaintiff's occupancy and use of his premises uncomfortable, painful, and expensive, that in consequence thereof the value of his property as a place of abode had been greatly lessened, and plaintiff damaged in the sum of $1,000.00. He further alleged that the dust caused the roof and gutter of his residence to decay, that it entered his cistern, that he was thereby put to great expense in having the said cistern cleaned out, and was finally compelled to abandon same; that the dust accumulated and discolored his residence, rendering it unsightly, and necessitated the expenditure of a large sum for repainting and repairing the house, all to his damage in the sum of $500.00.

Plaintiff asked for an issue out of chancery and the question of nuisance and damages was submitted to a jury. By instruction No. 1, the jury were told in substance that if they believed from the evidence that by reason of breathing the dust the mucous membrane of plaintiff's nose, throat and lungs had been injured, and his health thereby impaired, they should award him such a sum in damages, not exceeding $2,000.00, as they believed from the evidence would fairly and reasonably compensate him for his mental and physical suffering. By instruction No. 2, they were told if they believed from the evidence that the reasonable use, comfort and enjoyment of plaintiff's house and premises were impaired as a home, or caused to be more expensive to keep reasonably clean, they should award him such a sum in damages, not exceeding $1,000.00, as would reasonably compensate him for the diminution, if any, in the value of the use of the house and premises as a home. Instruction No. 3 authorized the jury, in the event that they believed from the evidence that the roof and gutters of plaintiff's home were caused to decay and the rain water in his cistern caused to be polluted by the dust, to find for him the reasonable cost of repairing the damage to roof and gutters, and any additional expense incurred by plaintiff in filling his cistern, the finding on these items not to exceed $500.00, and the entire finding not to exceed $3,500.00. The jury fixed the damage at $800.00, and defendant has appealed.

It will be observed that the instructions authorized the jury to find three separate items of damage, namely, (1) injury to plaintiff's health, (2) diminution in the value of the use of his premises, (3) cost of repairs. There are many cases, of course, where one's person and property are injured by the same tort, and a recovery for each may be had in the same action, but those are are cases where the elements of damage are separate and distinct and neither injury embraces elements necessarily included in the other. The case at bar is not of that kind. On the contrary, it is a case where the value of the use of the residence was impaired, and this impairment was due to the annoyance, discomfort, and sickness of those occupying the residence. In such a case an examination of the authorities will show that the annoyance, discomfort and sickness are not distinct elements of damage for which a separate recovery may be had, but are necessarily included in the diminution of the value of the use

of the premises. Thus, in the case of Kemper and Wife v. City of Louisville, 14 Bush 87, the court said:

"And while no recovery can be had for physicians' bills paid, or the loss of time on the part of the occupants on account of sickness caused by the stagnant water, etc., still these facts may be proven with a view of showing the extent to which the value of the property has been lessened."

In the more recent case of Southern Railway Company v. Routh, 161 Ky. 196, 170 S. W. 520, we used the following language:

"The nuisance which caused the damage in this case is conceded to have been temporary. It was abated before the second trial. It does not appear that any repairs on the buildings were made necessary by the nuisance. In such a case, we have repeatedly held that, where property is occupied by plaintiff, the measure of damages is the diminution of the value of the use of the property during the continuance of the nuisance or injury, but, if the property be rented, it is the diminution in its rental value during the continuance of the nuisance or injury. Ewing v. City of Louisville, 140 Ky. 726, 131 S. W. 1016, 31 L. R. A. (N. S.) 612; Ky. Distilleries Co. v. Barrett, 112 S. W. 643; Pickerell v. City of Louisville, 125 Ky. 213, 100 S. W. 873, 30 Ky. Law Rep. 1239; L. H. & St. L. Ry. Co. v. Roberts, 144 Ky. 820, 139 S. W. 1073; Cumberland Grocery Co. v. Baugh, etc., 151 Ky. 641, 152 S. W. 565, 43 L. R. A. (N. S.) 1037. It will be observed that the foregoing instruction on the measure of damages does not conform to this rule. It not only authorizes the jury to assess damages for the diminution in the value in the use of the residence, but authorizes them, in addition thereto, to assess damages for the 'annoyance and discomfort to her (plaintiff's) family by the noise caused by the water.' Annoyance and discomfort are not separate elements of damage, for which a recovery may be had in addition to the diminution in the value of the use of the property. Such elements may be shown in evidence only for the purpose of showing the diminution in the value of the use. When it comes to measuring the damages, the diminution in the value of the use of the property necessarily includes annoyance and discomfort, which directly af-

.fect the value of the use. It is not, therefore, proper to permit a recovery both for the diminution in the value of the use and for annoyance and discomfort, which necessarily enter into and constitute a part of the diminution of such value. To do so is to allow double recovery. It follows that the instruction complained of is not only erroneous but prejudicial.''

To the same effect are Cumberland Railroad Co. v. Bays, et al., 159 Ky. 609, 167 S. W. 882, and City of Louisville v. Hehemann, etc., 161 Ky. 523, 171 S. W. 165. As the nuisance in this case was temporary, the measure of damages is the diminution in the value of the use of the property during the continuance of the nuisance, and the reasonable cost of repairs made necessary by the nuisance, and any annoyance, discomfort, or sickness suffered by appellee or the members of his family while occupying the premises, is admissible to show the diminution in the value of the use of the property, and not to establish a distinct ground of recovery.

Having this view of the case it necessarily follows that the court erred in authorizing a recovery for personal sickness, in addition to the diminution in the value of the use of the property, and as the jury fixed the damages in a lump sum, and it is impossible to tell how much it allowed on each item, the only way to remedy the error is to award a new trial.

In view of another trial it is proper to add that a party may seek the abatement of a nuisance and recover damages therefor in the same action, and that the chancellor may decree the abatement and submit the question of damages to a jury. Bourbon Stockyards Co. v. Wooley, 76 S. W. 28, 20 R. C. L. 483.

Judgment reversed and cause remanded for a new trial consistent with this opinion.