## Indian Refining Company v. Berry.

(Decided October 30, 1928.)

## Appeal from McCracken Circuit Court.

1. Automobiles.—In action for damages for injury to property by construction and operation of gasoline filling station on adjoining lot, evidence of grease particles carried in air to adjacent premises from greasing and oiling of cars was not available to plaintiff, where not pleaded.

2. Automobiles.—Gasoline filling station is not a nuisance per se, but is a lawful structure, and necessary in prosecuting a legitimate business.

3. Automobiles.—Owner of adjoining lot may recover damages for operation of gasoline filling station, if pleadings and proof show that station was constructed or operated so as to become a nuisance.

4. Nuisance.—A lawful business, properly conducted, is not a nuisance, though it may result in depreciation of value of adjoining property or cause annoyance to others.

5. Nuisance.—When business cannot be conducted without producing nuisance, or when lawful business is conducted negligently, with injury to others, damages caused by nuisance or negligent operation may be recovered.

6. Automobiles.—Property owner held, as matter of law, not entitled to damages for construction and operation of gasoline filling station on adjoining lot, resulting in soot and smoke from stove therein, odors from gasoline and oil, equipment of station with powerful electric lights and maintenance of hydraulic hoist, causing creaking sounds, where it was not shown that defendants failed to exercise ordinary care in the conduct of their business, or that station was not properly operated, though annoyance resulted from its proximity.

7. Automobiles.—Measure of damages to property owner for operation of filling station on adjoining property, constituting nuisance, is not the depreciation in the market value of plaintiff's property, but the diminution in value of the use of the property during the continuation of the nuisance directly caused thereby, apart from any depreciation occasioned by the mere location of the filling station; damages in case property is rented being reduction of rental value so caused.

WHEELER & HUGHES for appellant.

C. C. GRASSHAM for appellee.

## OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This action was instituted by Mrs. Carrie L. Berry against the Indian Refining Company to recover damages

for injury to her property in Paducah, Ky., caused, as she alleged, by the construction of a gasoline filling station on an adjoining lot. The plaintiff recovered a judgment for $1,500, and the defendant appeals. It is insisted for appellant that no cause of action was stated or proven, and that its motion for a peremptory instruction should have prevailed.

The petition alleged that defendant constructed a filling station on the lot adjacent to her residence, presenting an unsightly appearance; that it was equipped with powerful electric lights, which destroyed the privacy of her home; that it had installed a hydraulic hoist for oiling cars which produced creaking sharp shrill sounds; that it had installed on its building a pipe or flue which caused smoke, soot, and odors to be cast in and upon her dwelling house, and increased the burden of cleaning; that in the operation of the filling station foul odors were produced, and disturbing and annoying sounds emitted night and day, destroying the value of plaintiff's property as a residence. The pleading characterized the acts of the defendant as wrongful, unlawful, and improper, inflicting on the plaintiff permanent and irreparable damage. It was further alleged that the market value of the property had been reduced to the extent of $4,000 by the location of this filling station, and that the damage to the value of the use of such property as a residence was $4,000, for which sum judgment was sought.

It will be observed that there was no allegation in the petition to the effect that the filling station was carelessly constructed or negligently operated, or that it was different from the usual and ordinary filling station in its construction or in the incidents of operation. The allegations of the petition were denied by defendant.

The testimony disclosed considerable annoyance to plaintiff by the location and operation of the filling station. It appeared that the smell of gasoline and oil was constantly present; that sounds from the operation of the hoist could be distinctly heard in the residence; that soot and smoke from the coal stove came upon plaintiff's premises; and that the brilliant lights maintained by defendant illuminated the plaintiff's property. There is no evidence of any negligence in the operation of the filling station. It is apparent from the proof that the filling station is kept clean, and the operations are conducted in the usual and ordinary way. One witness testified that, in

greasing the springs of automobiles, dust and a fine pinpoint grease is carried in the air to the adjacent premises. Another witness stated that a mixture of gasoline and parafine is used to clean and oil the springs of automobiles, and that sometimes, when the wind is blowing, the mixture from the spraying machine may be carried to the neighboring property. Still another witness said that on one occasion a white shirt worn by him was practically ruined by this oily substance. No allegation appears in the petition respecting this particular item of annoyance and damage, and, in the absence of a pleading, the evidence on that point is not available to appellee.

The law is settled that a filling station is not a nuisance per se, but a lawful structure, and necessary in the prosecution of a legitimate business. Slaughter v. Post, 214 Ky. 175, 282 S. W. 1091.

Even so, a filling station might be so constructed or operated as to become a nuisance, but in such case the allegations and proof should be made presenting that condition, which was not done in this case. A lawful business, prudently conducted, must be endured. It is not a nuisance, even though it may depreciate the value of property or cause annoyance to others. Louisville Coffin Co. v. Warren, 78 Ky. 400; C. & O. Railway Co. v. Scott, 197 Ky. 636, 247 S. W. 735; Emrich v. Marcucilli, 196 Ky. 495, 244 S. W. 865; L. & N. R. Co. v. Commonwealth (Ky.) 9 S. W. (2d) —, decided October 23, 1928.

When a business cannot be conducted without producing a nuisance, its location must be made with due regard to the rights of others. When a lawful business is not prudently operated, but conducted negligently and injuriously to others, damages caused by the negligence may be recovered. Gay v. Perry, 205 Ky. 38, 265 S. W. 347. The same is true when a nuisance is created by the inevitable incidents of the business itself. Great Northern Refining Co. v. Lutes, 190 Ky. 451, 227 S. W. 795.

It is not every annoyance, however, that will give a right of action to the person annoyed. The soot and smoke from the heating apparatus at a filling station cannot be different from the smoke and soot from other similar appliances in the vicinity. The use of such instrumentalities is common in the community, and there is nothing alleged or proven to show carelessness or negligence in the operation of the heating appliances of appellant. Consequently there can be no recovery for the soot and smoke originating in the stove at the filling

station. The odors complained of arose from the gasoline and oil, and are not uncommon since the advent of automobiles. It is not shown that there is any reasonable way to operate a filling station without producing the odors of gasoline and oil. Such smells may be offensive to particular individuals, but there is nothing in this record to show any unusual or unnecessary operation of the plant, or violation of the rights of adjoining owners. It is equally true that a person has a right to erect and maintain electric lights on his premises, and people cannot complain that a neighbor uses numerous and brilliant lights on his own land. Light is essential to the operation of a filling station at night, and it is not shown that appellant used excessive or unnecessary illumination. The hydraulic hoist is an ordinary appurtenance to a filling station, and there is nothing to indicate that the one operated by appellant is any different from the others, or that it was negligently operated.

In Great Northern Refining Co. v. Lutes, 190 Ky. 451, 227 S. W. 795, it was held that, where the conduct of a business is such as to create a nuisance, such as there indicated, it was a question for the jury to determine the damages and the other facts in issue, as it was in any other case. In that case, however, conditions were shown that rendered the premises unhealthy and objectionable by reason of oil and noxious odors being cast upon the adjacent premises. That opinion points out that, when the air is corrupted by offensive smells to such an extent as to interfere with the ordinary comforts of human existence or to diminish materially the value of property, it may be sufficient to constitute a nuisance, even though negligence be not shown. Cf. Clark v. Bourbon Co-op. Live Stock Ass'n, 211 Ky. 402, 277 S. W. 493.

Much of the evidence in this record shows that the very location of the filling station operated to depreciate the value of appellee's property, without reference to the means or method of operation. When the injury caused by the prosecution of a lawful business is not sufficient to constitute a nuisance in the legal sense, the mere fact that it depreciates the value of property does not give rise to a cause of action. Pearson & Son v. Bonnie, 209 Ky. 307, 272 S. W. 375, 43 A. L. R. 1166.

The lower court, in this case, submitted to the jury whether the defendants failed to exercise ordinary care in the conduct of their business, but there was neither allegation nor proof to warrant submission of that ques-

tion. On the record as now presented, the court should have directed a verdict for the defendant.

In view of the fact that the plaintiff may amend her petition and produce other evidence on another trial, attention must be directed to the fact that the proper measure of damages in such a case is not the depreciation in the market value of the property, but the diminution in the value of the use of the property during the continuance of the nuisance, directly caused thereby, apart from any depreciation in the value of the property occasioned by the mere location of the filling station. In cases where the property is rented, the measure of damages is reduction of the rental value. The witnesses were not confined to the elements of damage properly to be considered, and many of them testified that the entire damage to the property was caused, not by the method of operation, but by the very location of the filling station. If the plaintiff amends her pleading, and, on another trial, proves a case in consonance with the principles enunciated, the instruction on the measure of damages should conform to the applicable rule. Gay v. Perry, 205 Ky. 38, 265 S. W. 437; Cumberland Torpedo Co. v. Gaines, 201 Ky. 88, 255 S. W. 1046.

All other questions are reserved.

The judgment is reversed for a new trial consistent with this opinion.