OKLAHOMA CITY, OKL., et al. v. DOLESE et al.

No. 367.

Circuit Court of Appeals, Tenth Circuit.

April 2, 1931.

J. H. Jarman and A. L. Hull, both of Oklahoma City, Okl. (M. W. McKenzie and Joe Bailey Allen, both of Oklahoma City, Okl., on the brief), for appellants.

D. A. Richardson, of Oklahoma City, Okl. (John Tomerlin, Tomerlin & Chandler, and Hayes, Richardson, Shartel, Gilliland & Jordan, all of Oklahoma City, Okl., on the brief), for appellees.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The city of Oklahoma City joined by its mayor and other officials appeal from a decree of the District Court which, in a suit of Peter Dolese and Dolese Bros. Company against them, enjoined the enforcement of Ordinance No. 3584, passed by the city on March 12, 1929, declaring the business of the company located within the city on the right of way of the Atchison, Topeka & Santa Fé Railway Company and adjacent lots to be a public nuisance, and directing its discontinuance by the owner, or, on its failure so to do, then by city officers. The jurisdiction of the District Court was based on diversity of citizenship and the complaint that the ordinance was invalid under the due process and equal protection clauses of the Federal Constitution.

The issues were made up by bill and answer. From the evidence introduced at a trial, the following facts were shown without dispute:

The plant of the company is located in a residential section between Thirteenth and Sixteenth streets, running east and west—as many blocks north from the business center of the city, on certain lots leased from Peter Dolese and an adjacent leased portion of the right of way on the west side of the railroad.

736

Since 1910 the company has carried on there the business of buying, storing, and selling coal, gravel, stone, sand, and other contractors' supplies and has constructed spur tracks for its use, at a cost of $12,000. The leases are worth $10,000, the buildings $25,000, and the entire plant $100,000. The retail business yields over $750,000 per annum, at a net profit of $59,000.

By a zoning ordinance passed on September 24, 1923, property between Tenth and Twenty-Sixth streets and lying from one half to a full block west of the railroad right of way, was designated as district U–3, in which retail business, light manufacturing, storage of builders' supplies, maintenance of tracks, etc., were permitted. Various other industries are located along the west side of the railroad throughout the zone, and two of them are of the same kind as the Dolese Company. There are apartment and dwelling houses in the blocks west of and adjacent to all those industries.

There was a protest of citizens to the city council against the business of the Dolese Company. A committee appointed by the council recommended corrections in operating the plant, and they were made, and are still continued, by oiling the yards, sprinkling cars and materials, and muffling cranes. The company also offered to comply with any other reasonable ordinance for reduction of noise in operating the plant. Another committee appointed by the council reported that no other suitable location could be found for the company.

The ordinance in question was adopted on March 12, 1929, after four complaining parties had indemnified the city against costs in case of action in court. It contains preliminary recitals, in substance, that the dust, dirt, noise, danger arising from, and the unsightly appearance presented by, the plant and its operation create and constitute injury to the health, comfort, and peace of the inhabitants as well as to the property in the vicinity; that great noise is made by the machinery and trucks in handling materials, and dirt, dust, fine sand, and stone are blown throughout the residence community; that great mounds of materials and railroad cars parked there are unsightly, obstruct the view of travel over the Fourteenth street crossing, and create a dangerous condition; that the trucks used interfere with the general use of the streets; that the scattering of materials impairs the street paving; that by reason of the foregoing the comfortable and peaceable enjoyment of the homes in the locality is seriously affected; and that the conditions are a constant menace to the health, peace, and safety of the city and the adjacent community, and diminish the use and value of the property in the district. The ordinance then proceeds to declare the plant and its operation a public nuisance and to direct that it be abated on notice within 120 days, and, if this should not be done by the company, then the chief of the fire department or chief of police, at the instance of the mayor, was directed to abate and remove it. Provisions are added that each obstruction thereto and an attempt each day to operate the plant are punishable by fine.

There was evidence on both sides bearing on the question of objectionable results from the operation of this plant. It showed some conflict, but it may be fairly summed up as establishing that the findings in the ordinance concerning them are by no means sustained, and that the results were no more than were due unavoidably to the nature of the business. Counsel for the city describe the conditions in their brief as follows: "The Dolese Company had done everything possible to abate the nuisance in the operation of its plant, but had been unable to relieve the situation to the extent that there could be comfortable enjoyment of the homes in the vicinity."

It is not questioned in this case that the city is invested with the police power, in a legislative capacity only, to abate nuisances by the state Constitution and laws, and by the city charter. The state Supreme Court has decided that a legislative determination by a city that a nuisance exists is conclusive on the courts if it is one where there may be an honest difference concerning it in impartial minds, and it is not unreasonable or arbitrary in character. Calkins v. Ponca City, 89 Okl. 100, 214 P. 188. In that case, the ordinance condemned two buildings because as maintained they were a menace to the health and safety of the community, and the contention that the city sought to exercise judicial powers and its remedy was in the courts was rejected. Other decisions followed this precedent. Finkelstein v. City of Sapulpa, 106 Okl. 297, 234 P. 187; Wood v. City of Chickasha, 125 Okl. 212, 257 P. 286. These decisions are said to control the present case. We observe at the outset that we are bound by the construction the state court gives to the state laws, but not by its conclusion in determining their constitutional validity. Truax v. Corrigan, 257 U. S. 312, 325, 42 S. Ct. 124, 66 L. Ed. 254, 27 A. L. R. 375.

Counsel for the city also cite decisions

from the Supreme Court of the United States to sustain the power of the city to enact the ordinance in question. They announce the principle that fairly debatable questions as to the reasonableness, wisdom, and propriety of legislative action within the scope of police power is not for determination by the courts, but for that of the legislative body which has the duty and responsibility of decision. Standard Oil Co. v. City of Marysville, 279 U. S. 582, 49 S. Ct. 430, 73 L. Ed. 856. But the inquiry remains whether the action by the city in this case was within the scope of its powers.

█ Concededly, a business which is neither necessary nor useful, or is inherently dangerous at a given location, may summarily be abated. But the Dolese plant belongs to neither of those classes.

Here was a business that was pursued in a zone allotted for it by the city. It is both useful and necessary in character, and vitally important to the development of the city. There are considerations which entitle a city to restrict industries to zones, and such action is valid unless it is clearly arbitrary and unreasonable and has no substantial relation to the public health, safety, morals, or general welfare. Euclid v. Ambler Realty Co., 272 U. S. 365, 395, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016; Washington v. Roberge, 278 U. S. 116, 49 S. Ct. 50, 73 L. Ed. 210. But there has been no change in this zone. In that situation, has the city the legislative power to abate the operation of the plant and foreclose judicial inquiry?

In Dobbins v. Los Angeles, 195 U. S. 223, 25 S. Ct. 18, 20, 49 L. Ed. 169, the appellant had begun the erection of gas works in a zone to which by an ordinance such an industry was confined. A second ordinance by which the zone was contracted so as to exclude his plant was held to be invalid, and it was said: "It may be admitted that every intendment is to be made in favor of the lawfulness of the exercise of municipal power, making regulations to promote the public health and safety, and that it is not the province of courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people in the community. But notwithstanding this general rule of the law, it is now thoroughly well settled by decisions of this court that municipal by-laws and ordinances, and even legislative enactments undertaking to regulate useful business enterprises, are subject to investigation in the courts with a view

to determining whether the law or ordinance is a lawful exercise of the police power, or whether, under the guise of enforcing police regulations, there has been an unwarranted and arbitrary interference with the constitutional rights to carry on a lawful business, to make contracts, or to use and enjoy property."

There were citations to prior decisions and a quotation from Lawton v. Steele, 152 U. S. 133, 14 S. Ct. 499, 501, 38 L. Ed. 385, in part as follows: "The legislature may not, under the guise of protecting the public interests, arbitrarily interfere with private business, or impose unusual and unnecessary restrictions upon lawful occupations; in other words, its determination as to what is a proper exercise of its police powers is not final or conclusive, but is subject to the supervision of the courts."

In Yates v. Milwaukee, 10 Wall. 497, 505, 19 L. Ed. 984, the question was whether an ordinance of the city, passed under its power to establish and clear wharf lines, was valid in declaring a wharf built by Yates on the shore of the Milwaukee river was an obstruction to navigation and a nuisance. It was held: " * * * The mere declaration by the city council of Milwaukee that a certain structure was an encroachment or obstruction did not make it so, nor could such declaration make it a nuisance unless it in fact had that character. It is a doctrine not to be tolerated in this country, that a municipal corporation, without any general laws either of the city or of the State, within which a given structure can be shown to be a nuisance, can, by its mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself. This would place every house, every business, and all the property of the city, at the uncontrolled will of the temporary local authorities."

In Re Smith, 143 Cal. 368, 77 P. 180, 181, it was ruled: " * * * when the police power is exerted to regulate a useful business or occupation, the Legislature is not the exclusive judge as to what is a reasonable and just restraint upon the constitutional right of the citizen to pursue any trade, business, or vocation, which in itself is recognized as innocent and useful to the community."

█ As the business of the Dolese Company was lawful and it was conducted at a lawful place, it is clear the power of the city extended only to regulation and not to suppression. The former existed to reduce interference with others to a minimum of detriment.

738

The community must abide the consequences necessarily incident to the business, for otherwise the company would be deprived of the rightful enjoyment of its property. Washington v. Roberge, supra; 2 Tiedeman, St. and Fed. Control, § 147; Indian Refining Co. v. Berry, 226 Ky. 123, 10 S.W.(2d) 630; Houghton v. Kendrick, Mayor, 285 Pa. 223, 132 A. 166; Adams v. Kalamazoo I. & F. Co., 245 Mich. 261, 222 N. W. 86; Weaver v. Kuchler, 17. Okl. 189, 87 P. 600.

The ordinance, instead of being a legislative determination to which by law it was limited, was an unauthorized judicial pronouncement. Legislation consists of formulating a rule for the future. A judgment applies the law to past or present facts. Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150; In re County Commissioners, 22 Okl. 435, 98 P. 557. But no future rule was declared which was applicable to the like industries. There was only an adjudication on the facts pertaining to one of them, which is required to be on notice and hearing prescribed by law. Wuchter v. Pizzutti, 276 U. S. 13, 48 S. Ct. 259, 72 L. Ed. 446, 57 A. L. R. 1230. The ordinance fails as a legislative proceeding.

From the foregoing considerations, we readily conclude the ordinance is invalid, because its enforcement would effect a taking of the property of the Dolese Company without due process of law.

The ordinance was also invalid in denying to the company the equal protection of the laws. There was manifestly an arbitrary and unreasonable discrimination as between that company and others of the like kind surrounded by the same conditions in the locality. It was entitled to be treated by the same rule and could not be singled out for attack without some reasonable difference between them having a fair and substantial relation to the object sought to be attained. Louisville Gas & Elec. Co. v. Coleman, 277 U. S. 32, 48 S. Ct. 423, 72 L. Ed. 770; Frost v. Corporation Commission, 278 U. S. 515, 49 S. Ct. 235, 73 L. Ed. 483.

The company was entitled to a remedy by injunction in this case. It was not obliged to face the penalties imposed by the ordinance in testing its validity. Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Oklahoma Operating Co. v. Love, 252 U. S. 331, 40 S. Ct. 338, 64 L. Ed. 596.

The decree of the District Court was right, and it is accordingly affirmed.