## MAGNOLIA PIPE LINE CO. v. POLK.

No. 28267.   Jan. 24, 1939.

Rehearing Denied June 6, 1939.

W. H. Francis and Blakeney, Wallace, Brown & Blakeney, for plaintiff in error.

Pryor & Sandlin and C. E. Wilson, for defendant in error.

BAYLESS, C. J. A. M. Polk filed an action in the county court of Hughes county against Magnolia Petroleum Company, and later joined Magnolia Pipe Line Company, and the latter appeals from a judgment in favor of Polk.

The amended petition alleges the corporate existence of the defendant and the plaintiff's ownership of the land. The pleading then reads:

"That the defendants are the owners and maintaining and using a certain pipe line right of way across the above-described land; that said pipe line right of way is 240 rods long; that said right of way line was laid across the land of this plaintiff without her knowledge or consent; that plaintiff has not been compensated for the maintaining or the use of said right of way line across her land and that the reasonable compensation for the maintenance and use of said right of way easement is $2 per rod, thereby entitled this plaintiff to the sum of $480."

The defendant presented two principal defenses: (1) Statute of limitations; and (2) a contractual right to occupy the land for a specified consideration.

The parties brief, and in the trial treated, this as an action for damages for trespass. Since no allegations appear in the pleadings, and no evidence or issue was made as to condemnation, we are passing by the question of whether an action in trespass properly lies in this case. We will dispose of the case on the issues presented to us.

The defendant asserts that the two-year statute applies. The plaintiff asserts that the intrusion upon and use of the land raised an implied contract to pay, and also asserts that the trespass and occupancy were continuing and the statute did not begin to run until the termination.

We are of the opinion that the cause of action which the plaintiff presents is one of trespass quare clausum fregit, and that the cause of action was complete and accrued with the breaking of the close. Williams v. Southern Pac. Ry., 150 Cal. 624, 89 P. 599, and several later California cases;

C. & O. Ry. Co. v. Scott, 197 Ky. 636, 247 S. W. 735; Louisville, etc., Co. v. Calmelat, 6 Ohio App. 435; and Trinity Port. Cement Co. v. Horton (Tex. Civ. App.) 214 S. W. 510. In all of these cases there was a continued use of the land after it had been entered upon, but it was held that under the theory of trespass there was but one cause of action and it accrued with the entry. There are other cases which may appear to conflict with these, but it will be seen they do not when the theory upon which they are pitched is considered. The two-year statute applies.

Even upon the implied contract theory the plaintiff would be barred, for that is three years. Hartzell v. Choctaw Lbr. Co. of Delaware, 163 Okla. 240, 22 P.2d 387. The entry was in 1925 or 1926, and the action was filed September 6, 1932.

Other matters argued need not be noticed.

The judgment is reversed.

WELCH, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.