C. C. PRICE and John O. Price, doing business as C. C. Price & Son, Appellants,

v.

John E. DICKSON and Anna M. Dickson, Appellees.

Court of Appeals of Kentucky.

Sept. 19, 1958.

Rehearing Denied Nov. 21, 1958.

Simeon S. Willis, E. Poe Harris, Ashland, for appellants.

P. H. Vincent, William B. Arthur, Ashland, for appellees.

CLAY, Commissioner.

The plaintiffs Dickson sued defendants Price for damages to their residence resulting from the flooding of their basement, allegedly caused by the negligent acts of defendants. The jury awarded plaintiffs $4,000 damages.

On this appeal defendants' principal contentions are that they were entitled to a directed verdict and the damages are excessive.

Plaintiffs owned an $18,000 house in Ashland on the north side of Woodland Avenue. The natural drainage of the property was in the direction of that street. Two storm sewers had been constructed under plaintiffs' lot which emptied into a ditch on the south side of Woodland Avenue. Prior to 1955 plaintiffs had had no drainage or flooding problems.

In 1955 defendants developed a subdivision on the south side of Woodland Ave-

nue. In their grading operation they filled in the ditch. They laid a 24 inch sewer pipe to carry off the water formerly draining through the ditch. They constructed two manholes, connected with the main 24 inch sewer in the ditch, at the terminal points of plaintiffs' storm sewers.

Following the alteration made in the ditch by defendants, on several occasions after heavy rains the plaintiffs' basement was flooded to a maximum depth of 18 inches. The basement floor cracked, the foundation settled, and plaintiffs suffered substantial inconvenience and discomfort.

Defendants' principal contention is that they did not cause this flooding situation due to the fact that the sewer they constructed and the top of the manholes were below the level of the basement floor. They claim that water could not run uphill, and therefore their filling of the ditch did not throw water onto plaintiffs' property.

However, there was testimony that drainage water sometimes overflowed the manholes, and that plaintiffs' storm sewers were partially blocked by accumulations in the manholes. There was substantial evidence that the condition created by defendants at least impeded the surface drainage from plaintiffs' property, thereby causing water to back up around plaintiffs' house, increasing the hydrostatic pressure and forcing water into the basement. It is significant that plaintiffs had experienced no similar difficulty prior to the time defendants made the alteration in the drainage ditch.

■ We believe there was ample evidence to support a jury finding that defendants' acts created or substantially contributed to the condition now affecting plaintiffs' property, and that they were negligent in failing to provide adequate drainage when they altered the ditch for their own purposes. Therefore, defendants were not entitled to a directed verdict. See Ewing v. City of Louisville, 140 Ky. 726,

131 S.W. 1016, 31 L.R.A.,N.S., 612; and Honaker v. Chesapeake & O. Railway Co., 209 Ky. 576, 273 S.W. 81.

■ Defendants next contend the damages were excessive. The issue of damages was submitted to the jury by an instruction which authorized them to award plaintiffs such sum "as will reasonably compensate them for the diminution in the value of the use and occupancy of the property". This is the customary form of instruction where the injury is of a temporary character. Stanley's Instructions to Juries, Section 325. Defendants contend that there was no evidence of diminution in the value of the use of the property.

It is true that no witness stated in dollars and cents what this item of damages would be. However, there was substantial evidence of injury to the property (such as a cracked floor, dampness and mud). In addition there was evidence of inconvenience and discomfort caused by this recurring condition. Still further there was evidence that the reasonable cost of repairing the house (for injuries caused by the sagging of a beam in the basement) was approximately $3,500. In addition to this testimony, the jury viewed the premises and saw the nature of the injury to the property.

■■ While "diminution in the value of the use of property" is a rather elusive concept, it has been recognized that the cost of reasonably necessary repairs is a proper factor to be taken into consideration. Hutchison v. City of Maysville, 100 S.W. 331, 30 Ky.Law Rep. 1173; Gay v. Perry, 205 Ky. 38, 265 S.W. 437; City of Jackson v. Haddix, 280 Ky. 436, 133 S.W.2d 547. Also discomfort caused by this type of injury may be considered as an element of damages. Mahan v. Doggett, 84 S.W. 525, 27 Ky.Law Rep. 103. It is a proper incident in determining the diminution in value of the use of the property. Gay v. Perry, 205 Ky. 38, 265 S.W. 437, above cited.

Considering the items of damage which constituted the basis of recovery, there was ample support in the record for the award of $4,000, and consequently we do not find it to be excessive.

The judgment is affirmed.

EBLEN, J., dissents on the issue of damages, being of the opinion that under the evidence and the instructions the damages are excessive.