FAIRLAWN CEMETERY ASSOCIATION, a corporation, on behalf of itself and of all owners of lots in Fairlawn Cemetery in Oklahoma City, Oklahoma, Appellant,

v.

The FIRST PRESBYTERIAN CHURCH, U. S. A. OF OKLAHOMA CITY, Oklahoma, Appellee.

No. 43036.

Supreme Court of Oklahoma.

April 25, 1972.

Berry & Weiss by Charles N. Berry, Jr., Oklahoma City, for appellant.

Monnet, Hayes, Bullis, Grubb & Thompson by John T. Edwards and Claude Monnet, Cheek, Cheek & Cheek by Alex Cheek, Oklahoma City, for appellee.

HODGES, Justice.

Plaintiff is a nonprofit organization engaged in the business of selling burial lots with obligations for their perpetual care.

In 1911 the plaintiff erected a concrete fence wall around a portion of their cemetery. The wall was built five feet high, four inches thick and nine hundred feet long of which the west 540 feet is in dispute in this action. The wall was placed two & one-half inches inside the property line of the plaintiff.

Plaintiff complains that in 1953 and 1954 the defendant commenced the construction of their church on the vacant land south of · this fence and piled huge amounts of dirt against the wall. Plaintiff alleges the ground level on the south side of the wall was raised between one foot and three and one-half feet. Plaintiff asserts that in 1965 he discovered the piles of dirt placed against the wall by the defendant had caused the wall to crack and to lean.

Plaintiff alleged this encroachment by the defendant on their land created a public nuisance which should be enjoined and abated, and that the defendant should be required to restore the wall to the condition it was prior to defendant's encroachment.

Defendant church denied they had piled dirt against the plaintiff's wall; that the dirt was not the proximate cause of the wall to crack and to lean; that if a nuisance was created it was a private nuisance which is now barred by the statute of limitations.

After hearing the evidence the trial court made certain findings of fact and conclusions of law and entered judgment for the defendant church. The trial court's judgment was based on the following findings and conclusions:

(1) The evidence was insufficient· to show there was any dirt piled against the wall by the defendant church;

(2) That the elevation of the church property has been constant for a period antedating the date the church acquired title to the property;

(3) No public nuisance had been created.

The Court of Appeals reversed the judgment of the trial court on the ground the above findings and conclusions was clearly against the weight of the evidence. The Court of Appeals concluded the encroachment by the defendant church created a public nuisance and directed the trial to enter a judgment for the plaintiff with directions to order the church to remove all dirt between the wall and cemetery's south property line and to restore the concrete fence along the west 540 feet to a vertical position.

We have carefully reviewed the entire record and exhibits and conclude the evidence clearly shows the church increased the ground level height on the south side of the wall in amounts varying from six inches to two and one-half feet between 1955 and 1964. Defendant's own evidence substantiates this conclusion.

One of defendant's witnesses was their architect who designed and supervised the building of the church in 1953 and 1954. A site plan prepared by him for the initial construction of the church was introduced in evidence which showed the existing grades along the entire length of the wall.

Another witness for the defendant was a civil engineer who was employed by the church in 1965 to make a study of the wall

and to submit a report showing the condition and cause of the leaning and cracking of the wall. The written report compared the ground level of the wall as found by the architect in 1954 and the ground level as he found in his investigation in 1965. The report stated, "that the fill as it exists now is heavier than it was in 1954, in some places as much as two and one-half feet." The report further explained that the "deflection of the wall northward from the vertical exists only where there is fill on the south side", with the "deflection of the wall northward" being "greatest where the fill on the south side is the highest." The engineering report concluded that during periods of wet soil conditions on the north side of the wall, the weight-bearing power of the soil is reduced causing "it to yield and has allowed the wall to lean to the north as a result of the fill on the south side." Other evidence was that absent unequal ground levels, such wetness would not so adversely affect the wall.

Plaintiff Cemetery also produced evidence showing the wall stood vertical and no major cracking until after the church changed the ground level on the south side. The church's evidence was in some respects contradictory, but when considered in light of the documentary evidence and defendant's own witnesses the conclusion is evitable that the encroachment has at least in part contributed to the present condition of the wall. It is further apparent the encroachment creates an immediate threat to the wall which could cause further damage unless abated.

■ Based on the entire record we conclude the findings of fact of the trial court set out above are clearly against the weight of the evidence.

This conclusion leads us to the question of whether the relief sought by the plaintiff cemetery and granted by the Court of Appeals is proper. In this respect the Court of Appeals concluded the encroachment by the church on plaintiff's property creates a public nuisance for which the action is not barred by the Statute of Limitations. We disagree.

■ Church's encroachment upon the land of the Cemetery is not a nuisance, but a trespass. A nuisance, public or private, arises where a person uses his own property in such a manner as to cause injury to the property of another. On the other hand, trespass involves an actual physical invasion of the property of another. 58 Am.Jur. Nuisances § 2. In the present case, the church is not making a lawful or unreasonable use of their own property, but is encroaching upon the land of the adjoining Cemetery. This unauthorized use of adjoining property constitutes a trespass quare clausum fregit.

■ Church's encroachment upon the property of the Cemetery has continued for several years and it appears the church will continue its unauthorized use unless enjoined. In such case the conduct of the church creates a continuing trespass which a court of equity will enjoin. Brown v. Donnelly, 9 Okl. 32, 59 P. 975 (1900). In Bradley v. Renfrow, 184 Okl. 25, 84 P.2d 430 (1938), we said, "where a trespasser persists in trespassing upon [the land] of another, and threatens to continue his wrongful invasion of the premises, equity will restrain such trespass."

■ While we agree the church should be enjoined from continuing the dirt fill on Cemetery's property and should be required to remove the encroaching dirt between the wall and Cemetery's south property line, we find the plaintiff is barred by the statute of limitations in seeking to require the church to re-establish vertical alignment of the west 540 feet of its concrete fence. The restoration of the wall to its former condition is in the nature of damages for trespass which is subject to a limitation period of two years. 12 O.S. § 95. Magnolia Pipe Line Co. v. Polk, 185 Okl. 222, 90 P.2d 1076 (1939).

The encroaching trespass was committed in 1953 and 1954 when the church was built or in 1956 when the church completed the paving on the west side of their property. The dirt fill was conspicuously visible and the Cemetery was on notice of the

encroachment on their property. They also were aware the wall was not a retaining wall and that if the encroachment continued it could cause damage or injury to the wall. Even if we assume the cause of action commenced when the Cemetery was first made aware of damage to the wall, the cause of action is still barred by the two year limitation. On July 25, 1965, which was more than two years prior to the filing of this action, Cemetery's attorney wrote the trustees of the church complaining of the encroachment and its damaging effect on the wall.

Cemetery cites the case of Big Four Foundry Co. v. Hagens, 197 Okl. 409, 172 P.2d 322 (1946) in support of their position that the Statute of Limitations has no applicability in the present case. In the Big Four Foundry case the damages caused by the negligent operation of a foundry occurred within two years prior to the filing of the petition. In the present case the damage to the wall was done *prior* to the two year limitation. The evidence does not show the encroachment caused further damage within the two year limitation period. But even assuming further damage, the injury was so far inconsequential compared to the damage done prior to the two year limitation period that we find these facts distinguish it from the Big Four Foundry case.

We therefore reverse the judgment of the trial court and the Court of Appeals and remand the cause to the district court with directions to enter a mandatory injunction against the church from continuing the encroaching trespass on Cemetery's property and to require the defendant church to remove all of the encroaching dirt between the wall and Cemetery's south property line.

WILLIAMS, Acting C. J., and JACKSON, IRWIN, LAVENDER, McINERNEY and BARNES, JJ., and ROBERT D. SIMMS and DWAIN D. BOX, Special Justices, concur.

BERRY, C. J., and DAVISON, V. C. J., having certified their disqualifications in this case, Robert D. Simms of Oklahoma City, and Dwain D. Box, Oklahoma City, were appointed Special Justices in their stead.