## Emrich v. Marcucilli.

(Decided November 17, 1922.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Nuisance—What Constitutes Nuisance in General.—No lawful business may be properly classified as a nuisance per se; but it may be a nuisance to one in sufficient proximity to it as to be unlawfully disturbed in the enjoyment of his premises because of the nature of the business; or it may become a nuisance to such a one because of the manner in which it is operated and by reason of which discomforting and unnecessary noises, odors and other

similar disturbances might wrongfully invade the neighboring premises.

2. Nuisance — Lying-in Hospital — Injunction. — Where the proof showed that the operation of a lying-in hospital on a contiguous lot to plaintiff's residence disturbed the inmates of the latter because of cries, shrieks and groans of the patients, and because of deleterious odors from drugs necessary to be used, and that it could not be conducted without such offensive consequences, the operation of the hospital as a lying-in one was properly enjoined.

3. Nuisance—Lying-in Hospital—Injunction.—But the evidence failing to show that such consequences would result from the conducting and operating of a general hospital, the court properly declined to enjoin absolutely its operation, provided it was done in a manner not to produce such disturbing and discomforting conditions, since the proof showed that it was possible to so operate it.

LAWRENCE S. LEOPOLD and FRANK J. DOUGHERTY for appellant.

MATT O'DOHERTY and JAMES P. MILLER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming on both the original and cross appeals.

Appellee and plaintiff below, Domenico Marcucilli, owns a dwelling house and lot on the west side of Second street in the city of Louisville, Kentucky, between York and Breckinridge streets, which was formerly owned by Judge C. B. Seymour. Adjoining plaintiff's lot on the south side is one owned by appellant and defendant below, William H. Emrich, which was formerly the old Powhattan Woolridge residence. Plaintiff acquired his property some years before defendant acquired his, and with the repairs he made it cost him close to fifteen thousand dollars. Immediately after defendant acquired his property he converted it into a hospital and erected a large printed sign immediately in front of it designating his place as "Louisville Lying-in Hospital." After defendant had commenced to and had operated his house both as a general and lying-in hospital, plaintiff brought this suit to enjoin him from doing so upon the ground that because of its location in a residence neighborhood and of its near proximity to his residence and the manner of its operation it was a nuisance and essentially interfered with his legal rights in the free and unmolested enjoyment of his property. Issue was made by the pleadings and upon final submission the court in its judg-

ment perpetually enjoined defendant from operating in his building a lying-in hospital, and enjoined him from creating, causing or suffering offensive odors to invade plaintiff's dwelling from his hospital operated as a general one, but declined to absolutely restrain the operation of a general hospital therein, from which defendant has appealed and plaintiff has prayed and has obtained a cross appeal because of the failure of the court in its judgment to enjoin defendant in any manner from conducting and operating a general hospital in his building. So that, the precise questions presented are whether, under the facts as developed by the evidence, and which the court found, the operation of the hospital is a nuisance so as to interfere with the rights of plaintiff, who lives within from ten to twenty feet of it, to such an extent as that the law will afford him the remedy of abatement.

Much confusing and misleading writing has been indulged in both by text writers and judges concerning what is termed in the law as a "nuisance *per se,*" by referring to a lawful enterprise or business as being or not being, according to the facts, a "nuisance *per se*" when, strictly speaking, no lawful business or enterprise is ever such a nuisance, the true definition of which is, one wholly forbidden by the law, and it is, therefore, in no sense a lawful business or enterprise. Such confusing and misleading statements are no doubt due to the fact that courts, without a full comprehension of the term "nuisance *per se*" have classified therein all acts which are shown to be nuisances *in fact* because of extraneous circumstances such as locality, proximity to the complaining party, manner and method of operation, etc. 21 Am. & Eng. Enc. of Law, second edition, 684-686, wherein concerning the above observations the text says:

"Since there must be some place where every lawful business or erection may be lawfully located or carried on, the better rule would seem to be that a lawful business or erection is never a nuisance *per se,* but may become a *nuisance* by reason of extraneous circumstances, such as being located in an inappropriate place, or being conducted and kept in an improper manner." In note 6. to the text may be found a long list of occupations or enterprises to which its statements apply, among which is that of operating a hospital. The right to abate a private nuisance is bottomed upon the ancient and just maxim, "*Sic utere tuo ut alienum non laedas,*" which in the case of Barrett v. Vreeland, 168 Ky. 471, we said was

patterned after the golden rule, "And as ye would that men should do to you, do ye also to them likewise." In that case we quoted with approval, as containing a true statement of the facts upon which injunctive relief would be granted in such cases as this, an excerpt from 29 Cyc. 1191, saying: "The question in all cases is whether the annoyance produced is such as to materially interfere with the ordinary comfort of home existence. It is not of course necessary that the annoyance and discomfort should be so great as to actually drive the person complaining thereof from his dwelling; but if the alleged injury be a plain interference with the ordinary comforts and enjoyments, there is a nuisance, no matter how slight the damage, provided the inconvenience be actual and not fanciful."

Many cases from this court are referred to in that opinion upholding the text and which will not be inserted herein. Another accurate statement of the law upon the subject is found in 20 R. C. L. 438, wherein it is said: "There can be no doubt that many businesses that in themselves are lawful and useful may become nuisances of both a public and private character, and it is not necessary that life or health shall be endangered; it is sufficient if the business produces what is offensive to the senses, and which renders the enjoyment of life and property uncomfortable. Trifling annoyance and inconvenience, however, will not give the character of nuisance to an occupation that is useful and necessary. But the fact that the annoyance exists during part of the time only does not prevent it being a nuisance."

The volume of Cyc. referred to on page 1160 states the rule as above shown from R. C. L., in which it is said in substance that no one has the right to erect or maintain any business so near to his neighbor as that the operation of the business, although a lawful one, would cause annoyance "materially interfering with the ordinary physical comfort of human life." And the same authorities hold that the fact that the business is conducted with skill and care according to the most approved methods or appliances in performing it will not constitute a defense if, as a matter of fact, the unmolested comfort of his neighbor is thereby substantially interfered with. Other cases substantiating those already cited are: Louisville & Nashville Railroad Company v. Commonwealth, 16 Ky. L. R. 347; Mary E. Stotler v. Rochelle, et al., 29 L. R. A. (N. S.) 49, with the annota-

tions, and Deaconness Home and Hospital v. Bonthes, 207 Ill. 553, 64 L. R. A. 215.

That a hospital, which is a lawful business, may, on account of the extraneous facts, become a nuisance to one within sufficient proximity thereto, is everywhere recognized. Cyc., *supra*, 1175; R. C. L., *supra*, 409; idem, vol. 13, pages 952-953, paragraph 16, and the Mary E. Stotler, and Deaconess Home and Hospital cases, *supra*. The authorities cited and many others which could be, establish the fixed doctrine, without dissent from any court, that no business, howsoever lawful, may be operated so near to the property of another as to materially interfere with the latter's enjoyment of his own, but the interference must be substantial as contradistinguished from a mere fanciful one.

With the law in the condition we have stated, the question in this case becomes only one of fact which of course must be determined from the evidence heard on the submission. Plaintiff's residence at its nearest point is located somewhere near ten feet from the north side of defendant's hospital and there are other places where it is located as far as twenty-three feet from the hospital. Plaintiff and his family occupy the lower story while tenants occupy the upper one as a separate apartment. Windows are located on the south side of his house and on the north side of defendant's hospital. He, his tenants, the neighbors to the north of them and two or three disinterested witnesses testified that on the only two occasions when there were lying-in patients in the hospital groans, shrieks and cries by the patients were heard so as to render the occupancy of his residence not only uncomfortable but almost unbearable and that on those occasions as well as others offensive odors emanated from the hospital, which of course came from narcotics, disinfectants and other drugs necessary to be used in such an institution. Defendant did not deny the use of the drugs, but he and his witnesses, not so many as that introduced by plaintiff, attempted to show that the lying-in patients did not produce the noises testified to by plaintiff and his witnesses. However, plaintiff introduced three physicians, each of whom testified that it was practically impossible to conduct a lying-in hospital without the character of noises testified to by plaintiff and his witnesses; and while they testified that occasionally a brave woman might pass through the labors of child-birth without producing excessive noises and

outcries, that the general rule with practically all of them was that from the time of the inception of labor pains until the delivery of the child there is almost constant shrieks and cries which no narcotic could or would subdue. They further testified that the odors from the necessary drugs used on such occasions, as well as in cases ·of other general hospital patients, would be carried into adjoining premises when located as near to the hospital as is plaintiff's residence, and the fact that such odors were carried into plaintiff's residence was testified to by himself and a number of other witnesses whose testimony is not denied.

Leaving altogether out of the question the effect of such a business upon the financial value of the plaintiff's property we entertain no doubt that the proof was sufficient to show, as the court found, that there was such an unlawful interference by noises and odors with plaintiff's comfortable enjoyment of his residence to justify him in maintaining this proceeding and that the court did not err in restraining defendant from operating a lying-in hospital in his building.

Coming now to the question raised by the cross appeal, there is no evidence to prove, and the court did not find, that any objectionable noises or odors of the disturbing nature and kind above referred to were produced through the operation in defendant's building of a general hospital, and because its consequential effects might be 'to reduce the value of plaintiff's property is not sufficient in and of itself to create an abatable nuisance. 29 Cyc. 1195, and cases in note 57. Besides, the only evidence introduced upon the reduced value of plaintiff's property was premised upon the operation of defendant's premises as a lying-in hospital. Although it is quite possible that the mere operation of any character of hospital in such proximity to his property would have some depressing effect upon its value. The business, as we have seen, is a lawful one and becomes a nuisance only when the manner of its operation is such as to produce the discomforts of which the law will take cognizance. If the operation of defendant's general hospital should at any time hereafter be conducted in such a manner as to produce them, or if he should convert it into an eruptive hospital or treat therein patients with contagious diseases and thereby render the habitation of plaintiff's premises dangerous to the health of its occupants, it would then become such a nuisance as would entitle him to a

new application for relief, but it can not now be granted upon the mere anticipation of such consequences, unless "the act or thing threatened or apprehended is a nuisance, *per se,* or will inevitably become such," and that the anticipated or apprehended injuries will result as a natural or inevitable consequence. City of Richmond v. House, 177 Ky. 814, and 20 R. C. L. 478. No such showing is made here and, since the operation of the hospital as a general one is a lawful business, and so far as the testimony shows may be conducted without creating the objections apprehended and anticipated by plaintiff, he has not shown himself entitled to the relief which he seeks by his cross appeal.

Wherefore, the judgment is affirmed on both the original and cross appeals.