## Dulaney et al. v. Fitzgerald et al.

(Decided January 29, 1929.)

ALLEN P. DODD and GILBERT BURNETT for appellants.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Suit was instituted by the appellees to obtain an injunction to prevent the use of a vacant piece of ground situated at the corner of Kentucky and Eighth streets in the city of Louisville for circuses, carnivals, street shows, or similar forms of public amusement. The property in question extends along Kentucky street from Seventh to Eighth streets. The appellees are more than 20 residents of the neighborhood, and the appellants are the owners and the lessees of the property. Appellees say that exhibitions or amusements of the character referred to constitute a nuisance when conducted in a locality such as this; that is to say, a locality which is chiefly residential in character. The chancellor granted the appellees the relief which they sought.

The basis of the complaint of appellees is stated in the petition in this language:

"The use of said property for circuses, carnivals and street shows for the past year and will in the future unless prevented make the neighborhood in which plaintiffs reside and on which said property of defendants is located practically unlivable during the period of said use. The yells of, the barkers, vendors and spielers, the singing, shrieking and shouting of the performers, and responses and noises of the large audience persist throughout the day until late into the night and render it impossible for the plaintiffs and others in the neighborhood, which is a

closely built up residence section, to get proper rest or sleep, and seriously interfere with the enjoyment of their homes. The cries and roars of the animals that accompany every show on said property which persist continually throughout the stay of a circus, carnival or show are annoying and offensive as are the odors from the stables and the animals and nauseating odors continually emanate from said property during the period of said use. The odors from the cooking of foods are likewise offensive. On the vacating of the premises by said circuses, carnivals and shows, the odors from the litter and trash and refuse left behind are nauseating and offensive and the property is left in a condition extremely dangerous to the life and health of plaintiffs and their families and all persons living in said neighborhood.

"Florence place, which is located between Seventh and Eighth streets, and Breckinridge and Kentucky streets, is a private thoroughfare not dedicated to public use and said thoroughfare is constantly being used by said circuses, carnivals and shows for a passage way for horses and wagons to its serious damage and to the discomfort and inconvenience of all the plaintiffs herein.

"Said odors, noises, refuse and the character of the people who accompany and follow said circuses, carnivals and street shows seriously and greatly impair the use and enjoyment by the plaintiffs of their homes and property during all the period of said use.'

The answer is a traverse of the material averments of the petition. The allegations in the petition are fully supported by the evidence. The question is whether appellees are entitled to an injunction to prevent the things about which they complain.

A discomfort which is purely mental, unaccompanied by anything else, may not be alleviated by injunctive relief. Pearson & Son v. Bonnie, 209 Ky. 307, 272 S. W. 375, 43 A. L. R. 1166. It was further held in that case that a lawful business, if conducted in an inappropriate manner, or in an inappropriate place, may be enjoined as a nuisance, but injury must be of a substantial character and such as impairs ordinary physical enjoyment of property within a sphere.

In the case of Dumesnil v. Dupont, 18 B. Mon. (57 Ky.) 804, 68 Am. Dec. 750, it was held that a thing is not a nuisance merely because it is calculated to create fear and apprehension, and that an injunction should be refused where the thing sought to be restrained is not unavoidable and not in itself noxious, but only something which may, according to circumstances, prove so.

In Louisville Coffin Co. v. Warren, 78 Ky. 400, it was held that an injunction should be refused when it was sought to prevent soot and cinders from the smokestack of a factory being carried into the dwelling house of the complainant. It was there held that the smoke and soot from the particular factory would not be regarded as a greater nuisance than the other manufacturing establishments in the city. The court stated that one living in a city necessarily must submit to the annoyances incidental to city life. It was also held that manufacturing establishments were necessary and indispensable to the growth and prosperity of every city, and they were entitled to protection in the proper conduct of their business, although some inconvenience might result to others.

In the case of Seifred v. Hays, 81 Ky. 377, 50 Am. Rep. 167, an injunction was granted to prevent the conduct of a slaughterhouse in such a manner as to cause disagreeable odors to enter the dwellings of the complaining parties. The opinion of the court, in that case, apparently was based upon the conclusion that the operation of the slaughterhouse so polluted the air as to render homes in the neighborhood unhealthy.

In the case of Pfingst v. Senn, 94 Ky. 556, 23 S. W. 358, 21 L. R. A. 569, an injunction was refused when it was sought against the threatened conduct of a beer garden, dancing hall, and bowling alley, on the ground that such a place of amusement could be conducted in a manner that would not disturb neighboring residents, and that they should not interfere until it should be demonstrated that the place was conducted in such a manner as to make it a nuisance.

In the case of Peacock v. Spitzelberger, 29 S. W. 877, 16 Ky. Law Rep. 803, it was held that an injunction should have been granted against the operation of a blacksmith's shop in a residential district in the nighttime in such a manner as to prevent the complaining occupants obtaining rest and sleep, and to prevent the use

of the flues or smokestacks in such a manner as to cause the smoke and cinders to enter their dwellings.

In the case of Neaf v. Palmer, 103 Ky. 496, 45 S. W. 506, 41 L. R. A. 219, this court reversed a judgment of the lower court granting an injunction prevenitng the operation of a bawdyhouse in the city of Paducah. But the sole reason for the reversal was that an injunction was not the proper remedy to prevent the commission of crime.

In the case of Alexander v. Tebeau, 71 S. W. 427, 24 Ky. Law Rep. 1305, it was held that an injunction should not be granted against a proposed legitimate business merely because it was feared that it might become a nuisance. It was there held that in order to obtain an injunction it must appear that the operation of the business would necessarily constitute a nuisance.

In the case of Palestine Building Association v. Minor, 86 S. W. 695, 27 Ky. Law Rep. 781, this court approved the granting of an injunction to prevent the use of a private park for picnics and other entertainments of similar character. The facts in that case were similar to the facts in the case under consideration.

In the case of Barrett v. Vreeland, 168 Ky. 471, 182 S. W. 605, the judgment of the lower court granting an injunction against the operation of a rock quarry in the neighborhood was affirmed.

In the case of Emrich v. Marcucilli, 196 Ky. 495, 244 S. W. 865, this court affirmed the judgment of the lower court enjoining the maintenance of a lying-in hospital in a residential section. The principle was there announced that no business, however lawful, may be operated so near to the property of another as to materially interfere with the latter's enjoyment of his home, but it was said that the interference must be substantial and not a mere fanciful one.

We have followed very closely the opinion of the chancellor, and have cited the cases which are cited in his opinion, and we have reached the conclusion which he reached; that is, that the estabished facts in this case entitled the appellees to an injunction.

It is complained of by appellants that the judgment of the chancellor prevents their using their property at all for the business of carrying on circuses, carnivals or street shows, or any similar enterprise, but we do not so read the judgment. Such things are enjoined when it can

be reasonably anticipated that noises, odors and disorders will result which will prevent the occupants of neighboring dwellings from enjoying their homes in reasonable quiet and comfort. This may prevent the use of the property for such purposes as it may be that such enterprises cannot be carried on without noises, odors and disorders which will prevent the occupants of neighboring dwellings from enjoying their homes in reasonable quiet and comfort. But if such enterprises will not prevent the occupants of neighboring dwellings from enjoying their homes in reasonable quiet and comfort they are not enjoined.

Judgment affirmed.