DOMINICK MIRANDA and Others, Plaintiffs, *v.* BUFFALO GENERAL ELECTRIC COMPANY, Defendant.

Supreme Court, Erie County, May 28, 1931.

*Messer & Stearns*, for the plaintiffs.

*Warren Tubbs* [*Robert H. Jackson* of counsel], for the defendant.

HINKLEY, J. This action was tried at an Equity Term of the court. The complaint seeks injunctive relief, without damages, to prevent the erection and operation by defendant of an electric transforming substation in the city of Buffalo.

The plaintiffs are resident owners of real property situated on the west side of West avenue between Vermont and Connecticut streets. The defendant purchased and demolished two residences which were located immediately north of and adjoining the premises

of the plaintiffs Miranda and immediately south of and adjoining the premises of the plaintiffs Bueme. The zoning authorities swung across from the east to the west side of West avenue and included as business district the defendant's property, the residences of the plaintiffs and other residences in the block. Included by city ordinance as permissible structures in a business district are electric substations.

The defendant is engaged in the fulfillment of a plan to develop the art of electric power transmission in the city of Buffalo. It has erected and proposes to erect substations at such various points in the city as it deems most advantageous. One of the selected localities is the one here involved between the residences of the plaintiffs.

Actuated by a desire to serve the general public and armed with essential permits from the city authorities, defendant commenced the erection of this substation in a district evidently defined as " business " in order that it might so proceed. Before the building was completed, the plaintiffs applied for an injunction herein *pendente lite*. Although the application was denied, the building was not completed and the physical situation remains the same. That motion was made and decided upon affidavits while this decision rests upon the testimony of witnesses.

The substations existent and contemplated are intended to serve the same purpose and are identical integral parts of a city wide plan. They are alike in general design and contain or are to contain electric transformers. There is no generation of electricity in these structures. The transformers therein installed automatically reduce the quantity and pressure of electricity to or toward the proper amount for private consumption. That operation entails a twenty-four-hour a day hum which, in the present state of electrical science, cannot be eliminated from the instruments themselves. The evidence clearly established that in one or more of the completed substations in the city of Buffalo this noise constitutes a substantial interference with the peace and quiet of homes in the immediate vicinity.

The logical result of the furtherance of that general plan, if it continue without change, will be the completion of the substation here involved and the installation therein of similar transformers. The operation of that substation, if no change occurs, will then, by a tangible definite invasion of plaintiffs' private rights, become a nuisance.

An interesting collection of authorities on private and public rights is to be found in *Radcliff's Executors* v. *Mayor of Brooklyn* (4 N. Y. 195), where (on p. 198) the court said: " As a general

rule, a man who exercises proper care and skill may do what he will with his own property. He may not, however, under color of enjoying his own, set up a nuisance which deprives another of the enjoyment of his property.

" The use of premises for mechanical or other purposes, causing great noise, disturbing the peace and quiet of those living in the vicinity and rendering life uncomfortable, or filling the air with noxious vapors, or causing vibration of the neighboring dwellings, constitute nuisances, and such use is not justified by the right of property." (*Booth* v. *R., W. & O. T. R. R. Co.*, 140 N. Y. 267, 277; *McKeon* v. *See*, 51 id. 300; *Francis* v. *Schoellkopf*, 53 id. 152; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 id. 10.)

There is a line of authorities not controlling herein, to the effect that " if the protection of a legal right even would do a plaintiff but comparatively little good and would produce great public or private hardship, equity will withhold its discreet and beneficent hand and limit the plaintiff to his legal rights and remedies," even to the extent that will " classify the right to the possession of one's own land in the category of technical and insubstantial rights." (*McCann* v. *Chasm Power Co.*, 211 N. Y. 301: *Forstmann* v. *Joray Holding Co., Inc.*, 244 id. 22, 29.)

For a long time plaintiffs have continued uninterruptedly to occupy their properties as residences. The rights of plaintiffs to the peace and quiet of their established homes are not trifling, inconsequential, technical nor insubstantial privileges. The ownership of property will be protected, unless there are other considerations which forbid, as inequitable, the remedy of the prohibitive or mandatory injunction. (*McCann* v. *Chasm Power Co., supra.*)

" Noise of such character as to produce actual physical discomfort and annoyance to a person of ordinary sensibilities is a nuisance, even though it is caused by conducting a trade or business in a city." (*Dillon* v. *Cortland Baking Co.*, 224 App. Div. 303 305, and cases cited.)

There is abundant authority for such injunctive relief and plaintiffs are not limited to an action at law for damages. (*Adams* v. *Popham*, 76 N. Y. 410; *Leonard* v. *Spencer*, 108 id. 338; *Bohan* v. *P. J. G. L. Co.*, 122 id. 18.)

Neither the structure itself, however, nor its proposed contents are inherently objectionable. Relief in this action could only be afforded to plaintiffs upon a premise that the resultant noise of the transformers to be installed therein will be broadcast as in the existing substations. On the other hand, the defendant at the trial did not rest upon a technical denial of plaintiffs' claim. While not admitting that any of its substations are a nuisance, defendant

maintains that no noise will emanate from the substation which plaintiffs seek to enjoin.

The art of acoustics has developed rapidly within the personal observation of every one. History may well record this as the decade of audition for countless minds are to-day intent upon the projection, control and elimination of sound. The defendant plans to install in the instant substation louvers composed of perforated cork. That device, the defendant maintains, will permit the necessary air to enter the substructure while the noise incident to the operation of the transformers will be absorbed within the building.

The court relies upon the judgment and ability of defendant to carry out its deliberative and apparently honest intention to save the plaintiffs harmless from the noise of its transformers. In the event of its failure, the plaintiffs are privileged without prejudice, to apply again for injunctive relief.

" The subsequent appropriation by the State of an absolute ownership of the dam and water does not warrant a presumption that the State intends to deprive plaintiff of the use of water power. In fact plaintiff has not been interfered with in the exercise of any privileges conferred under the agreement. Should the State hereafter deprive plaintiff of the privilege to utilize the power at the dam, the right of plaintiff to make claim, either for temporary or permanent deprivation of such privilege, may arise; until then, the plaintiff cannot complain." (*Whitehall W. P. Co.* v. *Atlantic G. & P. Co.*, 221 N. Y. 43, 45.)

Judgment may be entered dismissing plaintiffs' complaint, without costs.