# Wheat Culvert Co., Inc., v. Jenkins et al.

(Decided Dec. 6, 1932.)

MACKOY & MACKOY for appellant.
ROUSE & PRICE for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellant, Wheat Culvert Company, is a corporation engaged in the manufacture of metal culverts in the city of Covington. The appellees reside adjacent and close to the factory. Upon their petition the appellant has been enjoined from so using its plant as to produce discordant and disturbing noises during the night from 10 o'clock p. m. until 6 o'clock a. m. While conceding that its business necessarily created a noise, it is argued that it was an important industry, located in that part of the city where other causes produced equally as much noise and disturbance to the residents, such as numerous trains and street cars immediately along the lines of their property.

We agree with the learned chancellor upon the principle that persons residing in crowded localities where industries of this character can be expected to operate must expect the ordinary discomforts arising

from the reasonable operations of those industries at reasonable times and as they are ordinarily conducted, but that they may object from a continual and unreasonable operation throughout substantially the whole night.

Liberty of action or of using one's own property as he pleases implies only freedom from arbitrary restraint, and not immunity from reasonable regulations and prohibitions imposed in the interests of the community. Every citizen has the right to enjoy the ordinary comforts of human existence, and is entitled to a remedy or redress when those comforts are disturbed by a nuisance. That is to be determined or measured by the effect which the act or condition has upon persons of ordinary health, of normal or average sensibilities, and of ordinary tastes and habits and mode of living. Great Northern Refining Company v. Lutes, 190 Ky. 451, 227 S. W. 795; Petroleum Refining Company v. Commonwealth, 192 Ky. 272, 232 S. W. 421. Noise may be of such character or degree that it produces actual physical discomfort and annoyance to persons of the nature described, although it may result in the operation of a lawful business or industry. Emrich v. Marcucilli, 196 Ky. 495, 244 S. W. 865; Taulbee v. Miller, 225 Ky. 516, 9 S. W. (2d) 296; Dulaney v. Fitzgerald, 227 Ky. 566, 13 S. W. (2d) 767, 63 A. L. R. 404; Mackenzie v. Frank M. Pauli Company, 207 Mich. 456, 174 N. W. 161, 6 A. L. R. 1305; 46 C. J. 683, 707. The subject is covered by the opinion and annotation of Krocker v. Westmoreland Planing Mill Company, 274 Pa. 143, 117 A. 669, 23 A. L. R. 1404.

The time of day in which the industrial operations producing noise are carried on is of material consequence. Thus a blacksmith shop is not a nuisance per se nor when operated in the ordinary and usual way (Morris v. Robertson, 137 Ky. 841, 127 S. W. 481, 136 Am. St. Rep. 323), but it is a nuisance which may be abated by injunction when operated at night in such manner as to prevent the neighbors from obtaining rest and sleep. Peacock v. Spitzelberger (Ky.) 29 S. W. 877, 16 Ky. Law Rep. 803. In Roukovina v. Island Farm Creamery Company, 160 Minn. 335, 200 N. W. 350, 38 A. L. R. 1502, it was held proper to enjoin the loading of milk wagons and running of an ice crusher unmuffled during sleeping hours, upon the principle that noises alone may be of such character and volume

as to constitute an abatable nuisance during the usual hours of sleep, even though greater and more distracting noises during other hours of the day may not be such. Noise of rock quarry operations in the night was an element in part constituting the nuisance enjoined in Barrett v. Vreeland, 168 Ky. 471, 182 S. W. 605. See, also, 46 C. J. 685.

It is the argument of the appellant that the discomfort alleged by the appellees is peculiarly mental or of that character sometimes said to be due to delicacy or fastidiousness, such as a repugnance to a morgue or similar establishment, discussed in Pearson & Son v. Bonnie, 209 Ky. 307, 272 S. W. 375, 43 A. L. R. 1166. We cannot sustain such a proposition. It would be difficult to convince an insomniac that it is not more substantial. Sleep is a physical function, natural and necessary. An interference with it in a substantial degree impairs the health and interferes with the enjoyment of one's home to a material extent. That was the disturbance calling into action the remedial hand of equity in the cases just cited.

Nor can we sustain the argument that the injunction was not proper, as the parties had an adequate remedy at law. The abatement of nuisances of the character described is universally recognized as being within equity jurisprudence. Barrett v. Vreeland, supra, and the cases cited; 46 C. J. 760, 768, 772.

The evidence of the plaintiffs and their witnesses is that noise coming from the riveting of the metal in making the culverts in appellant's factory materially disturbed their sleep and comfort. On the other hand, about the same number of witnesses residing in the same district testified that they were not disturbed. The fact that noise does not annoy or disturb some neighbors is not conclusive as to the nonexistence of a nuisance complained of by many others. We think the positive was properly considered by the chancellor to overcome the negative testimony, and that the facts sustain his decision. It was proper to enjoin appellant from making such disturbing noise during the hours usually devoted to rest and sleep.

Judgment affirmed.