**A. M. HUGHES, Appellant,**

v.

**Robert Perry CALL, Appellee.**

Court of Appeals of Kentucky.

Oct. 12, 1956.

Charles E. Lowe, Pikeville, for appellant.

Francis M. Burke, Francis D. Burke, Pikeville, for appellee.

STANLEY, Commissioner.

The action was brought to abate a nuisance alleged to result from certain activities at a gasoline filling station. Relief was denied and the complaint dismissed. The plaintiff appeals.

The defendant, Robert Perry Call, operates a gasoline station on the northwest corner of the intersection of Scott Avenue and Second Street in Pikeville. The plaintiff, A. M. Hughes, lives across Scott Avenue on the northeast corner. The activities complained of are: (1) The defendant, several nights during the week and occasionally over Sunday, parks or permits to be parked at his station large trucks with electric motors creating refrigeration to be run all night and thereby disturb the rest and sleep of himself and family. (2) The defendant, during the day, operates an apparatus to clean automobile motors, which apparatus makes a loud and hissing noise, and chemicals used in the operation pollute the atmosphere with obnoxious odors and injurious vapors which spread to his premises. (3) The defendant habitually causes large motors of trucks to be raced and backfired, thereby causing disturbing noise and vibration. (4) The defendant's employees engage in cursing and foul and obscene language which is clearly within the hearing of the plaintiff's family. The plaintiff states that he had frequently requested the defendant to stop these alleged nuisances, but he has failed and refused to do so.

The appellant concedes that a public gasoline filling station is not a nuisance per se but maintains that his case comes within the law that will enjoin particular operations of such business where they constitute a nuisance. Indian Refining Co. v. Berry, 226 Ky. 123, 10 S.W.2d 630; Standard Oil Co. of Ky. v. Bentley, 260 Ky. 185, 84 S.W.2d 20. He further concedes that the court properly denied the injunction to abate the cursing and foul language because he does have a remedy at law for such disorderly conduct. And he seems to have

abandoned his contention with respect to the racing and backfiring of motors.

The appellant maintains that the operation of the refrigeration motors comes within the rule that the courts will abate as a nuisance the creation of such noises at nighttime during the usual hours of sleep where they interfere in a substantial degree with the rest and sleep of a citizen's family or where the result of the operation is of such an extent and character that it produces actual physical discomfort and annoyance to persons of ordinary and normal sensibilities. Wheat Culvert Co. v. Jenkins, 246 Ky. 319, 55 S.W.2d 4; Kentucky & West Virginia Power Co. v. Anderson, 288 Ky. 501, 156 S.W.2d 857; Adams v. Hamilton Carhartt Overall Co., 293 Ky. 443, 169 S.W.2d 294. That is clearly the applicable law. The question in the case was and is one of fact.

In his "Findings of Fact" the trial court describes the locations of the parked refrigerator trucks and the place where the cleaning apparatus is used in relation to and distances from the home of the plaintiff and other neighbors who testified in the case, most of whom were undisturbed by the hum of the motors or the vapor from the machine. The court states that at the request of the parties he had on three occasions (two unknown to the parties) visited the station and observed and heard the operations. Upon the evidence, including that describing heavy automobile traffic on the street between the filling station and the plaintiff's home, and upon his personal experiences, the court found as a fact "that the trucks are each equipped with a one horsepower 220 volt, Frigidaire electric motor and are parked on defendant's premises on an average of four nights each week; that the motors make no more noise than motors in a large home deep-freeze, commercial meat case or soft drink coolers and therefore are not sufficient to disturb persons of ordinary health and of normal or average sensibilities."

With respect to the operation of the machine which cleans oil, grease and other accumulations from motors and other parts of vehicles, the court made these findings: The apparatus is in general use. Water is highly diluted with a detergent and the liquid is heated by kerosene or other light fuel, then fed into a hose with a metal nozzle. As the fluid is forced from the hose, it forms a fog or vapor which disappears within a distance of eight or twelve feet. The odor is not obnoxious or disagreeable, and the vapor does not adversely affect persons using the machine or others nearby. The apparatus is irregularly operated and except occasionally during the early hours of the evening is operated during the daytime.

The court found, and his finding is supported by the evidence, that at least two members of plaintiff's family who testified they were unable to sleep are unusually nervous and in ill health while other witnesses, particularly those introduced by the defendant, who live closer to the operations complained of and who were not materially disturbed, are persons of ordinary health and normal or average sensibilities.

No satisfactory reason is given for operating the refrigerator motors all night, during which the trucks are empty. It seems unnecessary. The defendant says it is to pre-cool the trucks, but in the morning they are opened up for fifteen or twenty minutes to be cleaned. What may be within a lawful right may not be in accordance with good neighborliness or a sympathetic consideration for the convenience and comfort of other people. But we must concur in the finding of the trial court that as a matter of law the plaintiff has not proved a nuisance that can be judicially abated.

The judgment is affirmed.