**SOUTHEAST COAL COMPANY, INC., Movant,**

v.

**Ed COMBS, Respondent.**

**No. 87–SC–232–DG.**

Supreme Court of Kentucky.

May 19, 1988.

James W. Craft, Whitesburg, for movant.

William R. Weinberg, Hindman, for respondent.

GANT, Justice.

Respondent Combs is the owner of three tracts of land in Letcher County upon which he moved a brick house for rental and a small frame house. He also operated a used car business and constructed his residence on one of the lots. Subsequent to all this, movant purchased the adjacent property and commenced the full operation of a coal tipple, which included utilization of some 120 trucks per day and erection of a stockpile of coal which attained a height of as much as 32 feet and covered up to five acres. A truckline railroad was also constructed on the premises, and the Operational Vice President of Southeast Coal Company testified that the company loaded an average of 10,000 railroad cars on this train facility each year, totalling one million tons of coal annually.

Evidence disclosed that movant's property fronted on Kentucky Highway No. 7, a heavily travelled road, which was utilized by trucks going to the facilities of the movant as well as to one or more of the nine other tipples within a five-mile radius. It was additionally used by noncommercial vehicles.

This case arises from an action in the Letcher Circuit Court in which the respondent sought compensatory damages, diminution of property value and injunctive relief. The jury returned a verdict for the defendant, which was appealed to the Court of Appeals, a panel of which court reversed. We accepted discretionary review.

The principal issue in this case arises from Instruction No. 1 as was given by the trial court and which read as follows:

If you believe from the evidence that in the operation of its unit train facility the defendant company, through the release or discharge of impurities into the atmosphere, caused unreasonable or substantial annoyance to the occupants of any of the plaintiff's properties, and that such impurities would cause substantial annoyance to a person of ordinary health and normal sensitivity, and if you further believe from the evidence that solely by reason of that condition the market value of his property (as market value is defined in Instruction No. IV) has been materially reduced, then you will find in his favor. But unless you so believe you will find for the defendant company.

The objectionable portion of this instruction is the use of the word "solely" in an instruction relating to causation or liability. It is apparent that this word was troublesome to the jury.

After several hours of deliberation, the jury returned to the courtroom for a further explanation of the word "solely," whereupon the judge secured the dictionary and read: "As defined by Webster's, solely (s-o-l-e-l-y) (1) means without another, singular. (2) to the exclusion of all else."

Respondent herein had objected to including the word "solely" in the causation or liability instruction (No. I) but had no objection to including it in Instruction No. III (the damage instruction) which read:

If you find for the plaintiff, Ed Combs, under Instruction No. I you will reward him a sum of money equal to the amount by which you believe the market value of his property (as market value is defined in Instruction No. IV) immediately before the installation of the coal-loading facility operation in 1978 has been reduced solely as a result of South East Coal Company's operation of its coal-loading facility since that time but not to exceed $100,-000.00.

This court agrees with respondent that the use of the word "solely" in the causation and liability instruction, being Instruction No. I, *supra,* was erroneous. This instruction was copied from the case of *George v. Standard Slag Company,* Ky., 431 S.W.2d 711, 715 (1968), and we specifically overrule that portion of the case. One who *contributes* to a nuisance is responsible in damages and/or dimunition of market value *only* to the extent of his contribution, but the fact that others participate in creating the nuisance does not exonerate the contributor completely. *See George v. Standard Slag Company, supra.*

We reverse the Court of Appeals in its holding in the instant case that the question of whether the nuisance herein was temporary or permanent was a question for the jury. Respondent herein moved the court to declare that the nuisance herein, if any, was permanent in nature, and movant failed to object. Thus no issue was raised in the trial court for the Court of Appeals to review. Therefore, all provable damages were subject to consideration by the jury. *See Kentucky West Virginia Gas Co. v. Lafferty,* 174 F.2d 848 (CCA 6th) (1949), and cases cited thereunder.

The Court of Appeals is affirmed in part and reversed in part. The Letcher Circuit Court is reversed and this case remanded to the Letcher Circuit Court for a new trial in accordance herewith.

All concur.