Hugh HERNDON; and Jeannie Castleberry Herndon, Appellants

v.

James WILSON; and Jane Wilson, Appellees

NO. 2014-CA-001381-MR

Court of Appeals of Kentucky.

MAY 19, 2017; 10:00 A.M.

BRIEFS FOR APPELLANTS: Julie Scott Jernigan, Williamstown, Kentucky.

BRIEF FOR APPELLEES: Jack S. Gatlin, Ft. Mitchell, Kentucky.

BEFORE: J. LAMBERT, MAZE, AND TAYLOR, JUDGES.

## OPINION

TAYLOR, JUDGE:

Hugh Herndon and Jeannie Castleberry Herndon, his wife (Herndons) bring this appeal from an Order Granting Defendants' Motion For Summary Judgment entered July 28, 2014, by the Grant Circuit Court in favor of appellees, James Wilson and Jane Wilson, his wife (Wilsons). The dispute below looks to alleged violations of a zoning setback variance by the Wilsons in the construction of a new house on a lot adjacent to the Herndons' on Williamstown Lake, near Williamstown, Kentucky, in Grant County and alleged damages suffered by the Herndons as a result thereof. For the reasons that follow, we affirm in part, reverse in part, and remand.

## BACKGROUND

In 1995, the Wilsons purchased Lot 409 on Williamstown Lake in Grant County. In 2006, the Herndons purchased Lots 407 and 408 on Williamstown Lake which adjoins the property of the Wilsons. Both properties had houses located thereon. In February of 2008, the Wilsons applied to the Grant County Board of Adjustment for a variance permit to build a new house on

their property. The normal side yard setback for a new building under the Grant County Zoning Ordinance is 20 feet (Zoning Ordinance). The Wilsons sought and obtained a variance to reduce the side yard setback to 10 feet in March 2008. The Grant County Planning Commission thereupon issued the Wilsons a zoning permit, approving the construction of a single-family home on the lot. The Wilsons constructed the house on their property and the Grant County Building Inspector issued an occupancy permit in December 2009.

In April 2010, the Herndons initiated this action against the Wilsons in the Grant Circuit Court, alleging that the Wilsons' house was constructed inside the 10-foot side yard setback line adjacent to their property in violation of the variance. The Herndons allege that they suffered damages based on various legal theories including trespass and inverse trespass, and that further construction within the 10-foot setback line as it adjoins the Herndons' property has damaged the value of their property as well as the peaceful enjoyment of their property as landowners.

On September 23, 2010, the Wilsons filed a lengthy motion to dismiss the complaint. By order entered October 29, 2010, the court entered an interlocutory order overruling the motion to dismiss, the court stating therein:

> The Defendants built a home within three (3) feet of the property line, and there is now an issue of fact to be decided; that of damages.

The court further noted in the order that the violation of the Zoning Ordinance constituted negligence, per se, which did not preclude civil remedies as asserted by the Herndons.[1]

Upon dismissal of the Wilsons' interlocutory appeal by this Court, by order en-

---

[1]. James Wilson and Jane Wilson appealed this interlocutory order overruling their motion to dismiss. That appeal was dismissed by the Court of Appeals by order entered February 14, 2011, 2010-CA-002062-MR.

tered February 14, 2011, the parties then unsuccessfully engaged in court ordered mediation and thereafter conducted limited discovery.[2] Some three years later, on April 25, 2014, the Wilsons filed a motion for summary judgment which the Herndons timely responded in opposition thereto. The circuit court took the matter under submission without a hearing and on July 28, 2014, rendered a one-page order granting the Wilsons' summary judgment motion, stating only that there existed "no genuine issue as to any material fact." This appeal follows.

## STANDARD OF REVIEW

The standard of review of an appeal of a circuit court's entry of summary judgment is well-established and has been concisely summarized by this Court in *Lewis v. B & R Corp.*, 56 S.W.3d 432 (Ky. App. 2001):

The standard of review on appeal when a trial court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." The trial court

"must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists." While the Court in *Steelvest* [*Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991)] used the word "impossible" in describing the strict standard for summary judgment, the Supreme Court later stated that that word was "used in a practical sense, not in an absolute sense." Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*.

*Id.* at 436 (footnotes and citations omitted). Accordingly, the appellate court must view the record below in a light most favorable to the party opposing the motion for summary judgment and all doubts must be resolved in that party's favor. *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991). Consequently, summary judgment should be cautiously applied and is not a substitute for a trial. *Id.* Our review proceeds accordingly.

## ANALYSIS

█ We begin our analysis by addressing the Wilsons' argument that the Herndons do not have the right to assert a private cause of action under the Grant County Zoning Ordinance based upon the alleged violation of the Zoning Ordinance and the setback variance granted thereunder. We agree with the Wilsons, as a matter of law, that the Grant County Zoning Ordinance does not create a private cause of action for the Herndons to seek damages through the Zoning Ordinance itself. The enforcement of the Zoning Ordinance, including the variance, is exclusively reserved to the Zoning Administrator for

**2.** From February 14, 2011, to February 28, 2012, no actions were taken by either party based upon the record of this case, until the court sent out a dismissal notice pursuant to

Kentucky Rules of Civil Procedure 77.02(2) on March 1, 2012. The court subsequently set the matter for jury trial in October 2012, which was later vacated by agreed order.

Grant County, which includes whether to commence actions for violations of the ordinance that could result in the assessment of substantial fines.[3]

 However, we observe that the overall purpose of zoning in Kentucky is to promote the common good and general welfare of the community as a whole. *Fritts v. City of Ashland*, 348 S.W.2d 712 (Ky. 1961). While zoning ordinances regulate development and growth in a community, like any law, the ordinances also afford protections for citizens and their property. To the extent that the Wilsons' violation of the Zoning Ordinance or variance impaired the Herndons' enjoyment and use of their property or caused damages thereto, the Herndons were not precluded from seeking injunctive relief to enforce the ordinance and enjoin the construction of the Wilsons' house. This would look to the doctrine of election of remedies. That doctrine has been defined by the Courts as follows:

> [T]he doctrine simply means that when a person has at his disposal two modes of redress, which are contradictory and inconsistent with each other, his deliberate and settled choice and pursuit of one will preclude his later choice and pursuit of the other.

*Collings v. Scheen*, 415 S.W.2d 589, 591 (Ky. 1967) (citation omitted). *See also Keck v. Hafley*, 237 S.W.2d 527 (Ky. 1951). The doctrine of election of remedies is not one of substantive law, but rather looks to judicial administration and procedure. *North East Coal Co. v. Blevins*, 277 S.W.2d 45 (Ky. 1955) (*abrogated on other grounds by Harrod Concrete & Stone Co. v. Crutcher*, 458 S.W.3d 290 (Ky. 2015)).

In this case, the Herndons did not seek injunctive relief, but rather have filed a separate legal action for damages for alleged injury to their real estate by virtue of the Wilsons' actions on their adjoining property. Accordingly, the Herndons are not entitled to assert any claims for damages directly related to the Zoning Ordinance or the variance. Counts 1 and 3 of the complaint clearly look to relief under the Zoning Ordinance which is not available to the Herndons upon their election to seek damages for injury to their property. Thus, we agree with the Wilsons that summary judgment was properly granted on Counts 1 and 3 of the complaint and affirm the same.

We have thoroughly reviewed in substantial detail the remaining allegations set forth in the complaint in this action. Albeit inartfully drafted, Counts 4 and 5 plainly set out a claim for damages to the Herndons' real property based upon the Wilsons' use of their property. Kentucky law allows the recovery of just compensation upon proof of actual injury to one's real estate. *Hughett v. Caldwell Cnty.*, 313 Ky. 85, 230 S.W.2d 92 (1950) (*abrogated on other grounds by Harrod Concrete and Stone Co. v. Crutcher*, 458 S.W.3d 290 (Ky. 2015)). And, Kentucky courts have recognized that damages may be permissible for interfering with the use and enjoyment of one's property even without a physical intrusion thereon. *George v. Standard Slag Co., Inc.*, 431 S.W.2d 711 (Ky. 1968), *overruled on other grounds by Southeast Coal Co. v. Combs*, 760 S.W.2d 83 (Ky. 1988); *Ky. & W. Va. Power Co. v. Anderson*, 288 Ky. 501, 156 S.W.2d 857 (1941). Accordingly, the remaining focus of this opinion will be on paragraphs 38-49 of Counts 4 and 5 of the complaint and whether genuine issues of material fact exist as concerns the allegations set forth therein.[4]

---

**3.** Section 16.0 and Section 16.8 of Article 16 of the Grant County Zoning Ordinance.

**4.** We note that the original complaint in the court record references two "Count 4s," which appears to be a typographical error.

As we have previously stated, in determining the sufficiency of a complaint on a summary judgment motion, all doubts must be resolved in favor of the party opposing the motion. *Steelvest*, 807 S.W.2d 476. However, the complaint must conform to Kentucky Rules of Civil Procedure (CR) 8.01. The Kentucky Supreme Court has addressed the application of this civil rule in pleading as follows:

> [Kentucky] Civil Rule (CR) 8.01 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." It is not necessary to state a claim with technical precision under this rule, as long as a complaint gives a defendant fair notice and identifies the claim.

*Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005) (citation omitted).

■ Based on the mandate of CR 8.01, we will review each of the substantive allegations in Count 4 and 5 of the complaint. We begin with paragraph 38 of Count 4 which asserts a claim of "inverse trespass" due to violation of the Zoning Ordinance. Our review of Kentucky jurisprudence finds that no cause of action has been recognized to date for inverse trespass in Kentucky. Given that we have previously held that no private cause of action could accrue from the Zoning Ordinance in this case, the claim for inverse trespass is without merit. Similarly, the claims in paragraph 40 (valuable interest in real property extinguished), paragraph 42 (inability to expand buildings on Herndon property), paragraph 43 (encroachment creates a fire safety issue), and paragraph 44 (extension of emergency response time for fire and EMS), fail to state a viable cause of action. There is no evidence in the record to support these claims and the Herndons would be unable to produce any evidence to support these claims in the future. Additionally, the claims set forth in Count 49 regarding alleged malice, oppression and fraud by the Wilsons are unsupported by any evidence below as verified by the deposition testimony of Hugh Herndon. We further agree with the Wilsons that the allegation of fraud must be pled with particularity under CR 9.02 and the Herndons have failed to do so in this case.

■ However, the allegations set forth in paragraphs 39, 41, 46, and 47 present a more difficult issue for this Court for review as concerns the summary judgment. The Herndons assert that the Wilsons' construction of their home, inside the ten foot side yard variance, has infringed upon the quiet and peaceful enjoyment of their property as well as caused water to run and drain upon their property and thus affected the drainage of water across their property. The Herndons further allude to these claims as a "trespass," which has caused damage to their property. As noted earlier, these claims are somewhat inartfully drafted. Notwithstanding, based upon our review of applicable law, we believe the claims adequately plead a cause of action for nuisance, not trespass.

■ Under Kentucky law and the pleading requirements of CR 8.01, we believe the Herndons failure to label the Wilsons' alleged conduct as a nuisance, as opposed to a trespass, does not defeat the claim so long as the allegations of fact sufficiently plead the cause of action. The test is whether the pleadings set forth any set of facts, which if proven, would entitle the party to relief. *Mitchell v. Coldstream Labs., Inc.*, 337 S.W.3d 642 (Ky. App. 2010). For example, the Kentucky Supreme Court has viewed the diversion of surface water by one land owner to the detriment of another as a nuisance problem, not trespass. *Walker v. Duba*, 161

We will treat Count 5 as those allegations in paragraphs 46-49 of the complaint.

S.W.3d 348 (Ky. App. 2004) (citing *Klutey v. Commonwealth,* 428 S.W.2d 766 (Ky. 1967)). Based on this application of the law, we are persuaded that a nuisance case has been sufficiently pled. *See Southern States Coop. v. Stewart,* 338 S.W.2d 395 (Ky. 1960); *Rogers v. Gibson,* 267 Ky. 32, 101 S.W.2d 200 (1937); *Cf. Vulcan Coals, Inc. v. Howard,* 946 F.2d 1226 (6th Cir. 1991).

█ We now must address whether there are any genuine issues of material fact regarding the nuisance claim. In Kentucky, the common law of nuisance has been codified by the General Assembly as set forth in the provisions of Kentucky Revised Statutes (KRS) 411.500-411.570. To be actionable, a private nuisance must first be ascertained by the trier of fact pursuant to KRS 411.550 and damages thereon are both allowed and limited by the provisions of KRS 411.560. In this case, whether the Wilsons have unreasonably diverted water onto the Herndon property and caused damages is a disputed issue of fact based on the record before this Court. Additionally, the allegations that the Wilsons have impeded the Herndons' quiet and peaceful use and enjoyment of their property is an element of a private nuisance claim as set forth in KRS 411.550 that is in dispute in this case and must be considered by the trier of fact to ascertain if a nuisance exists. These allegations are substantiated in part by Herndon's deposition and are unrefuted in the record on appeal.

Accordingly, we reverse and remand as concerns the allegations set forth in paragraphs 39, 41, 46 and 47, only, concluding that there exists disputed issues of material fact regarding a nuisance claim asserted by the Herndons in this action. We again emphasize that only the nuisance claim that has been asserted in this action looks to factual disputes that preclude summary judgment at this time and we thus affirm all other claims asserted in this action for which summary judgment has been granted by the circuit court. On remand, the circuit court shall conduct all future proceedings in accordance with KRS 411.500-411.570.

For the foregoing reasons, the summary judgment granted by the Grant Circuit Court is affirmed in part, reversed in part, and remanded for proceedings consistent with this Opinion.

ALL CONCUR.