Powell, J.
The parties stand in this court in the inverse order to that in which they stood in the court below, the plaintiff in error being defendant in that court, and the defendants in error, *436 plaintiffs. We will refer to them in this opinion in the order in which they stood in the trial court.
The plaintiffs are the owners of a tract of land described in the petition. The defendant is a manufacturer of brick, tile and other clay products. Its plant is located immediately west of the premises of plaintiffs. It'owns and operates continuously sixteen tile or brick kilns, and had so owned and operated said plant for more than four years immediately preceding the commencement of this. action. In the manufacture of its products it is alleged that large quantities of smoke, soot, cinders and gas constantly emanate from its kilns, and the same are cast over and upon plaintiffs’ said lands, the comfort of plaintiffs interfered with, and said lands depreciated in rental value by reason thereof, to plaintiffs’ damage in the sum of $2,000, for which they ask judgment.
On the trial of the action in the court below, plaintiffs recovered judgment. Defendant seeks a reversal in this court.
The principal contention of the parties is as to the application of the statute of limitations, which is pleaded as a defense. The first kilns of the defendant were built in 1892. There were eight of them. In the year 1900 the plant was destroyed by fire. It was then rebuilt and eight more kilns added, and it has been operated continuously from 1901 until the present time with sixteen kilns. The proper judgment to be rendered depends on the character of the trespass complained of. If it is what, in law, is known as a permanent nuisance, then a cause of action *437 arose in favor of plaintiffs when the first eight kilns were constructed in 1892, and any right of recovery was barred by the statute of limitations at the commencement of this action.
“When a man commits an act of trespass upon another’s land, and thereby injures such other at once and to the full extent that such act will ever injure him, he is liable at once for this one act and all its effects; and the time of the statute of limitations runs from the time of such act of trespass.” Valley Ry. Co. v. Franz, 43 Ohio St., 623, 625.
This is the doctrine of permanent trespass or nuisance, for which but one action lies, and for which damages may be awarded in solido. It is wholly an action for trespass. Williams v. Pomeroy Coal Co., 37 Ohio St., 583; P. Ballantine & Sons v. Pub. Service Corp., 86 N. J. L., 331, L. R. A., 1915A., 369, and Downs v. The Greer Beatty Clay Co., 9 C. C., N. S., 345.
A private or continuing nuisance is defined to be:
“Anything done to the hurt or annoyance of the lands, tenements or hereditaments of another, and not amounting to a trespass.” 3 Stephen’s Commentaries (1 ed.), 499, and Goodall v. Crofton, 33 Ohio St., 271.
“The business of burning brick is a lawful one, and whether or not' it is a private nuisance depends upon the circumstances of each particular case.” Downs v. Clay Co., supra, 345.
“And when the owner of land rightly and lawfully does an act entirely on his own land, and by means of such act puts in action, or directs a force against, or upon, or that affects another’s *438 land, without such other’s consent or permission, such owner or actor is liable to such other for the damages thereby so caused the latter, and at once a cause of action accrues for such damages; and such force, if so continued, is continued by the act of such owner and actor, and it may be regarded as a continuing trespass or nuisance; and each additional damage thereby caused is caused by him and is an additional cause of action; and until such continued trespass or nuisance by adverse use ripens into and becomes a presumptive right and estate in the former, the latter may bring his action.” Valley Ry. Co. v. Franz, 43 Ohio St., 623, 627, and City of Mansfield v. Hunt, 19 C. C., 488.
There are numerous authorities in Ohio and elsewhere supporting the doctrines above laid down. The court in the instant case is required to decide which of the two kinds of action is presented by the record.
The petition alleges that the defendant, by reason of the smoke, soot, cinders and gas emitted from defendant’s kilns and cast upon plaintiffs’ lands, “has injured the vegetation, crops and shrubbery growing upon plaintiffs’ premises” within the four years immediately preceding the commencement of the action.
It further alleges “that by reason of the soot, cinders and offensive gases so cast upon and about the premises of plaintiffs, the comfort of the plaintiffs has been interfered with, said premises rendered uncomfortable for habitation, and greatly depreciated in rental value, for said period *439 of four years, all to the injury and damage of the plaintiffs in the sum of two thousand dollars.”
The complaint last above quoted is certainly of the character of a permanent trespass or nuisance, for which but one action for damages can be maintained, and that action is barred by the four-year statute of limitations.
The charge first above quoted for damages to “vegetation, crops and shrubbery” of plaintiffs is as plainly a continuing trespass, for which an action will lie, as the other is a permanent trespass, and upon this charge alone the court finds plaintiffs were entitled to recover in this. action; and there being no other error prejudicial to the rights of the plaintiff in error complained of, or shown by the record, the court has arrived at the conclusion that said judgment should be affirmed.

Judgment affirmed.

Shields and Houck, JJ., concur.