This is an accelerated appeal arising from a decision by the Butler County Area III Court dismissing the action of plaintiff-appellant, the state of Ohio, against defendant-appellee, George Swartz.
Based upon a complaint by Michael Cory, the state filed the following charge against Swartz on March 9, 1998:
 Complainant being duly sworn states that; George Swartz at 8225 Taffy Drive, West Chester, Union Township, Butler, [sic] County, Ohio on or about 7th day of January, 1998, no person shall unlawfully obstruct or impede the passage of a navigable river, harbor, or collection of water, or corrupt or render unwholesome or impure, a watercourse stream, or water, or unlawfully divert such watercourse from its natural course or state to the injury or prejudice of others, to wit: in the summer of 1992, George Swartz erected a concrete bridge. During the installation Swartz used a 24" culvert. As a result, Swartz obstructed and impeded the passage of a stream. This alteration has caused continual destruction [sic] of my property. On January 7, 1998, Swartz's bridge caused water to collect and flood my back yard, thereby constituting the offense of PROHIBITIONS a misdemeanor of the third degree contrary to and . . . in violation of [R.C.] 3767.-13C [sic] * * *[.]
On April 15, 1998, Swartz filed a motion to dismiss the charge against him on the ground that the complaint was barred by the statute of limitations set forth in R.C. 2901.13(A)(2). Following a hearing on Swartz's motion, by journal entry dated May 18, 1998, the trial court granted Swartz's motion to dismiss on the ground that the statute of limitations had run. This timely appeal followed.
In its sole assignment of error, the state argues that the trial court erred in granting Swartz's motion to dismiss. The state contends that the complaint was not barred by the statute of limitations because the recurring flooding in Cory's back yard caused by Swartz's construction of a bridge and culvert constituted a continuing nuisance subject to the statute of limitations tolling provision set forth in R.C. 2901.13(D). Thus, "each of these flooding events, causing injury to Cory, gave rise to a new violation. Therefore the correct date on which the statute of limitations began to run was January 7, 1998, the last date of flooding."
It is well-established that actions involving allegations of tortious conduct must be asserted promptly. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 718. The state bears the burden of proving that the time when the crime was committed comes within the appropriate statute of limitations. State v. Young (1981), 2 Ohio App.3d 155, 157. In addition, "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A).
R.C. 3767.13(C) provides that "[n]o person shall unlawfully obstruct or impede the passage of a navigable river, harbor, or collection of water, * * * or unlawfully divert such watercourse from its natural course or state to the injury or prejudice of others." R.C. 2901.13, the applicable statute of limitations, in turn provides in relevant part that:
 (A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:
* * *
 (2) For a misdemeanor other than a minor misdemeanor, two years;
* * *
 (D) An offense is committed when every element of the offense occurs. In the case of an offense of which an element is a continuing course of conduct, the period of limitations does not begin to run until such course of conduct or the accused's accountability for it terminates, whichever occurs first.
The state acknowledges that the two-year statute of limitations set forth in R.C. 2901.13(A)(2) applies, but claims that Cory's damage is ongoing and that a new cause of action arises each time the nuisance caused by the floodings repeats. We disagree.
In Valley Ry. Co. v. Franz (1885), 43 Ohio St. 623, the Supreme Court of Ohio discussed the concept of a permanent trespass or nuisance as follows:
 When a man commits an act of trespass upon another's land, and thereby injures such other at once and to the full extent that such act will ever injure him, he is liable at once for this one act and all its effects; and the time of the statute of limitations runs from the time of such act of trespass.
Id. at 625. This language refers to a "permanent trespass or nuisance, for which but one action lies, and for which damages may be awarded in solido." The Louisville Brick Tile Co. v. Calmelat (1917), 6 Ohio App. 435, 437. "Essentially, a permanent trespass occurs when the defendant's tortious act has been fully accomplished but injury to the plaintiff's estate from that action persists in the absence of further conduct by the defendant." Frisch v. the Monfort Supply Co. (Nov. 21, 1997), Hamilton App. No. C-960522, unreported, at 5.
The Franz court then went on to discuss the concept of a continuing trespass or nuisance, Louisville Brick at 437-438, as follows:
 And when the owner of land rightly and lawfully does an act entirely on his own land, and by means of such act puts in action or direct a force against or upon, or that affects, another's land, without such other's consent or permission, such owner and actor is liable to such other for the damages thereby so caused the latter, and at once a cause of action accrues for such damages; and such force, if so continued, is continued by the act of such owner and actor, and it may be regarded as a continuing trespass or nuisance; and each additional damage thereby caused is caused by him, and is an additional cause of action; and, until such continued trespass or nuisance by adverse use ripens into and becomes a presumptive right and estate in the former, the latter may bring his action.
Franz at 627. "A continuing trespass occurs when the defendant's tortious activity is ongoing, perpetually creating fresh violations of the plaintiff's property rights." Frisch at 6.
After reviewing the record, we find that this case involves a permanent rather than a continuing nuisance. It is clear that the damage to Cory's property occurred when Swartz built the bridge and culvert. Cory testified that while the most recent flooding problem occurred on January 7, 1998, he has had flooding problems on his property ever since the culvert was built every time there is a heavy downpour. Cory also testified that he started in 1995 to find out why the water was backing up by contacting the county engineer. The tortious act was thus completed when the bridge and culvert were built, or at the latest in 1995, and there was no ongoing conduct by Swartz even though damage to Cory's property continued. See Frisch, Hamilton App. No. C-960522, unreported, at 7. Since the complaint was not filed until 1998, well outside of the two-year statute of limitations, it was time-barred.
We therefore hold that the trial court did not err in granting Swartz's motion to dismiss the charge against him on statute of limitations ground. The state's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., concurs.
WALSH, J., dissents.